## No. 12,833.

### Rosetta Gravel Paving and Improvement Company vs. City of New Orleans.

Plaintiff's witnesses sustained his claim, under the contract for services rendered during three months on Washington street. The report of one of defendant's officers, and a certificate issued thereon, showed that all needful repairs had been made up to within a few days prior to the end of those three months.

*Held:* That this claim was properly allowed by the District Court.

Plaintiff failed to show full compliance with the contract for two of the months claimed, and the preponderance of proof sustain defendant's claim of failure of plaintiff to comply with his contract as to these months.

*Held:* That plaintiff's claim for these months was properly rejected.

Interest is due, from the time the debt became due and exigible as against a municipal corporation; if it have in its treasury the amount provided for its payment.

APPEAL from the Civil District Court for the Parish of Orleans. *Théard, J.*

*Farrar, Jonas, Kruttsschitt & Gurley* for Plaintiff and Appellee.

*Sam'l L. Gilmore,* City Attorney, and *W. B. Sommerville,* Assistant City Attorney, for Defendant and Appellant.

Submitted on briefs November 11, 1898.
Opinion handed down November 21, 1898.

The opinion of the court was delivered by

BREAUX, J.   Plaintiff claims two thousand five hundred dollars of defendant as having been earned by it under a contract, whereby it was to keep and maintain in good order Washington street, from Magazine to Carrollton avenue, for a term of five years, at the rate of five hundred dollars a month, to be paid by the defendant.   All the payments have boen made except for the last five months—*i. e.*, for April, May, June, July and August, 1896.   The judge of the District Court gave judgment in favor of the company for the months of April, May and June, and rejected plaintiff's demand for the months of July and August.

The defendant prosecutes this appeal from the judgment.   The plaintiff in the court prayed for a judgment for the whole amount it claims as due.

There were 153 days during the five months for which payment is demanded.

Plaintiff claims that the following is sustained by the testimony of his witnesses:

| | |
|---|---:|
| 269 days' laber on the street at $1.50 | $403 50 |
| 67 days of sprinkling at $2.40 | 160 80 |
| 593 94-100 cubic yards of gravel at $2.50 | 1,284 85 |
| Total | $1,949 15 |

(without taking into account the operation of a steam roller for thirteen days.)

And that during this period there were seventy rainy days on which sprinkling to allay the dust would have been useless.

There is, on the other hand, evidence of record on the part of defendant showing that at times there was not sufficient sprinkling of the street.   Two witnesses testified that for two of the months, July and August, there was no sprinkling done at all.

With reference to the other months, April, May and June, in addition to plaintiff's evidence, there is the testimony of the City Engineer, who, in compliance with the City Council, examined the street in May, also in the early part of June, and found it in a poor condition.

In his report to the chairman of the committee, after his examination, he states in what respect there was a failure on the part of plaintiff in executing the contract.

But later, in June, another officer of the public works department

made an inspection and reported to the engineer that the street was in proper condition. Whereupon the engineer issued a certificate to the chairman of the finance committee certifying that the plaintiff had "repaired Washington street from Magazine to Carrollton avenue" in accordance with its contract dated June 5, 1898, for the maintenance of the same.

We gather from the testimony that the needful repairs had been made after the first inspection (but prior to the last inspection), just alluded to upon which certificate issued to plaintiff in order that it might collect amount due.

Taking and weighing together the reports and certificates of defendant's officers and the evidence of plaintiff, we think they sustain as correct the judgment from which the appeal was taken.

In our view the testimony as relates to the two last months, would not sustain any change of the decree.

Two of defendant's witnesses testify that sprinkling was entirely neglected during these two months, and that there was an absolute failure to comply with the contract. Others, not as positive in giving their testimony, yet have testified to partial failure in the work of keeping up the street.

Plaintiff's report, taken from its own books, shows that there was no sprinkling done in August, and charges up the work of one man on the street for that month. In July there were twelve or thirteen days of sprinkling and the work of two men. Should we take this report alone, without considering other testimony, there would not have a full compliance with the contract. This failure, and the direct testimony of two witnesses of non-compliance, are sufficient, we think, in sustaining the position that the judgment should not be amended.

We note that the plaintiff claims to have expended more than the amount allowed by the judgment for the five months.

We have no reason to assert that there was less expended than alleged, and that the amount expended was not sufficient for June and preceding months, but the evidence does not give rise to the inference that the expenses should include the last two months as months for which they had been made.

There were due, we have reasons to infer, for months of April, May and June, and months preceding, and are not to be charged to July and August of 1896.

The defendant complains of the interest allowed, which was 5 per cent. from each month as the respective amounts became due.

The defendant contends that as the contract does not call for interest it should not be allowed. It was admitted of record that the city had made provision for the payment of the plaintiff under the contract. This case does not fall within the grasp of Fernandez vs. City, 42 An., p. 1, in which there was no money in the treasury to pay claim.

The amount was due and exigible at the end of each month.

All debts bear 5 per cent. interest from the time they become due, unless it is otherwise stipulated.

It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed at appellant's costs.