### No. 12,804.

#### JOSEPH ROWE VS. CHICAGO LUMBER AND COAL COMPANY.

This court will not remand a case in which the party seeking the remanding, has
   had full opportunity to produce his testimony and has been fully heard, least
   of all, can this remanding be directed on the strength of *ex parte* affidavits
   filed in this court, charging in effect, that plaintiff and his witnesses swore
   falsely, and that defendants were subjected to a conspiracy to defraud them
   by the judgment sought and obtained

If these affidavits can be sustained, the defendants' remedy is the action to annul
   the judgment, the result of fraudulent practices. C. P., Art. 607 *et seq.*

When the contract for the purchase of logs by the mill owner stipulates for
   delivery by the vendor in the defendants' boom; that the mill owner will saw
   the logs in a reasonable time, and pay for them according to the mill scale,
   the rights of the "logger" or vendor will be adjusted by the number of logs
   delivered in the boom; and not by the logs claimed to have been sawed when
   that sawing is delayed by the mill owner, and the logs are not sawed for
   months.

APPEAL from the Ninth Judicial District Court for the Parish
of De Soto. *Hall, J.*

*Elam & Egan* for Plaintiff and Appellee.

*Saunders & Miller* and *Wm. Goss* (*Walter Hyde Saunders* of
Counsel) for Defendant, Appellant.

Argued and submitted May 17, 1898.
Opinion handed down November 21, 1898.

The opinion of the court was delivered by

MILLER, J. This appeal is by the defendants from the judgment
for the price of logs he claims to have delivered defendants under
their contract with him.

The defendants, engaged in the business of sawing timber and pre-

paring lumber for use, made a contract with plaintiff to purchase from him, at the rate of three dollars the thousand feet, the pine logs to be delivered at defendants' mill, payment to be made by the mill scale or measurement. The plaintiff claims to have delivered three thousand five hundred and twelve logs under the contract, equal, he contends, to one million three hundred and thirty-three thousand four hundred and twenty-two feet, at three dollars per thousand feet, aggregating four thousand and twenty-six dollars, subject to a credit of one thousand and ninety-two dollars, and the petition claims the residue. The defendants allege in their answer that the custom understood and agreed to by the plaintiff was that he should be paid only for timber delivered at defendants' mill after it had been received and measured, and that he had been paid for all timber so received and measured. The judgment was in favor of plaintiff for nineteen hundred and seventy-nine dollars, and answering the appeal he prays for an increase of the judgment.

·The question of the character of the contract between the parties is first in the order of investigation. The controversy is withdrawn from the operation of the legal principles that govern the contract of sale and subjected to the contract not put in writing, but is to be deduced from the copious testimony we find in the record. The plaintiff's contention is his obligation was to deliver the logs in the defendants' boom in the Sabine river, that it was to be sawed by defendants promptly, and paid for according to the scale or measurement of the mill. His own testimony is quite distinct to that effect. On both sides testimony was offered of the contracts of the mill with other parties.

The objection by plaintiff to this species of testimony, that his rights are not to be tested by the contracts of others, is unimportant in view of his offer of the same kind of testimony, and in·view of our conclusion as to the effect of all the testimony on this point. From the defendants' witnesses come the statements in effect that with contracts similar to that of plaintiff they were not to be paid until their timber was sawed, and some of the witnesses testify that no time of sawing was agreed upon. It is brought to our notice that the timber of the parties who thus speak on the question of time was actually sawed with reasonable promptitude, and that fact, we think, has a pertinence quite equal to the testimony of these parties. The plaintiff, in turn, has produced a number of witnesses who had log contracts with the mill. They testify with directness

and without material variance that their contracts stipulated delivery by them in the defendants' boom. With all due allowance for such expression of "sawed quick," "sawed at once," or "in ten days," it is the fair result of all the testimony, the contracts required sawing in a reasonable time, and all the witnesses concur and reiterate payment was to follow the mill scaling, and to be made according to the mill scale. The defendants have not offered their manager, to whom all the testimony points as making the plaintiff's contract, as well as the contracts of the other parties; but we have in the record his letter to one of the parties. In that letter there is the statement of delivery to us at Logansport at three dollars per thousand feet, mill scale. On all this testimony it is our conclusion there were distinct stipulations in this contract. Delivery by plaintiff and the other parties in defendants' boom; sawing of the timber in a reasonable time, and payment by defendants according to the mill scale. Delivery in the boom occurs throughout the testimony and must have its effect. We have, too, the plaintiff's statement that in his log delivery of the previous year he had lost by the length of time his logs had remained in the boom before they were sawed and paid for. He testifies to obviate any such construction of his contract now sued on; he insisted on the agreement, as we find it in his testimony, and that testimony is before us without contradiction from the manager. In all the testimony from the witnesses produced by defendants there is the iteration—payment was to be by the mill scale, or not until the scaling at the mill, and similar statements.

In our view, this line of testimony has limited, if any pertinence. The question presents no issue of the time of payment; nor is it disputed the mill measurement of the logs sawed was to be accepted. The question is whether the plaintiff, under his contract of delivery in the boom, prompt sawing, and payment, is to be concluded and limited in his demand by the logs claimed to have been sawed by the mill in the period protracted, as we read the record, for months after, it is incontestible, his deliveries were completed in the boom. In our opinion, due effect must be given in determining the rights of the parties to delivery in the boom by plaintiff; prompt sawing and payment according to the mill measurement, and the judge of the lower court, in our opinion, has given a correct solution of the contract, that defendants, after suffering the logs delivered by plain-

Rowe vs. Lumber and Coal Co.

tiff to remain in their boom for months, can not require him to accept their account of logs sawed as conclusive, and without reference to the number actually delivered in the boom. That actual delivery in the boom must have its influence, and to that issue we have given our careful attention.

We think it established with reasonable certainty that the plaintiff cut, placed in the water in the hands of the raftsmen, for transmission to defendant's mill, three thousand five hundred and twelve pine logs; giving due effect to all the testimony, including that of the raftsmen, and allowing for the loss of logs by sinkage, or other causes indicated by the testimony, and recognized by the judgment of the lower court, we think it reasonably certain that the number of logs reached the defendants' boom fixed by the judgment, and with that number defendants should be charged. We have given attention to the part of the argument that claims a larger credit to the defendants than that they have been allowed. The process adopted by the lower court for its conclusion on this branch of the case is, in our opinion, borne out by the record. The lower court finds that in the account closed between the parties the amount ascertained to be due the plaintiff of two hundred and nine dollars, and that in that account one thousand two hundred and fifteen of the logs delivered by the plaintiff were accounted for, or rather, credited to plaintiff. From the total logs claimed to have been delivered the sinkage is deducted, fifteen per cent., from this residue the court deducts the number of logs credited in the adjusted account, and makes defendants liable for the remainder at three dollars per thousand feet, and on the basis that three logs make one thousand feet. Great weight is deservedly to be attached to the finding of fact of the lower court, in this case based on his appreciation of testimony of numerous witnesses taking up a very large space of the record. While this court must review questions of fact, as well as of law, and accordingly, we have given our best attention to this part of the case, we are disposed to maintain the judgment on such an issue of fact as this record presents, unless the error is manifest. We find no such error. To the amount thus ascertained to be due plaintiff for logs, not credited to him in the adjusted accounts, the lower court adds the amount found due to him on that account and gives judgment accordingly. Our attention is called to an error of calculation made by the lower court of seventeen dollars and forty-

three cents in computing the amount due for six hundred and seventy-one thousand one hundred and eighty-seven feet of timber at three dollars per one thousand feet. We think the error is evident, and plaintiff is entitled to that increase in the amount allowed him.

Our decision is based on the testimony in the record. The defendants appear to have had full opportunity for defence. We perceive no complaint that they were not afforded time to obtain the needful testimony. Numerous witnesses were produced on both sides with the result of a record of over one hundred and fifty pages pages of finely typed testimony; after all this we are asked to remand the case on the strength of affidavits filed in this court that the defendants have been the victim of a conspiracy, that the witnesses swore falsely, and that plaintiff has avowed the fraud, or more properly, the crime imputed to him by the affidavits. It is quite true the court, in a class of cases where the testimony in the record indicated an imperfect presentation, and the probability that further evidence would secure a more satisfactory determination, has remanded. In a recent State case we remanded, because, in our opinion, the State had not been allowed the fair opportunity to present its case. We can not bring this case within the exceptional circumstances on which we have hitherto remanded cases, and we do not feel authorized to deprive plaintiff of his judgment in a case of copious testimony on both sides, and with no complaint that full scope was not allowed defendants in the lower court, and to do this on the strength of *ex parte* affidavits filed in this court, imputing fraud to plaintiff's witnesses. If these affidavits can be sustained, the Code gives the appropriate remedy to annul the judgment and to that remedy we must remit the defendants.

It is therefore ordered, adjudged and decreed that the judgment of the lower court against defendants be increased by the addition of seventeen dollars and forty-three cents ($17.43), and as thus amended the judgment is affirmed with costs.