(105 So. 28)

No. 26888.

## SPENCE v. SPENCE.

(May 25, 1925.  Rehearing Denied June 22, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Divorce ⬅167—Averment of wife's petition to annul divorce that allegation of divorce petition was false to husband's knowledge held to entitle her to hearing.**

Averments of wife's petition to annul judgment of divorce that allegations in husband's divorce petition that she had left state permanently and was absentee were false to petitioner's knowledge averred fact on which plaintiff was entitled to hearing, and exception of no cause of action was erroneously sustained.

**2. Divorce ⬅74—Defendant must be permanently absent from state to justify appointment of curator ad hoc; "absentee."**

Under Act No. 296 of 1910, defendant in divorce suit must be permanently absent from state to justify appointment of curator ad hoc for her as "absentee" within Civ. Code, art. 3556, par. 3.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Absentee.]

**3. Divorce ⬅167—Allegation that defendant was not legally cited presents question of jurisdictional fact, entitling her to hearing in action to annul judgment of divorce.**

Allegation of petition to annul judgment of divorce that plaintiff, as defendant in divorce suit, was not legally cited presents question of jurisdictional fact, on which plaintiff is entitled to hearing, though also involving question of law.

**4. Divorce ⬅167 — Conclusion that divorce was granted solely on husband's alleged false testimony held warranted by facts alleged in petition for annulment.**

Wife's petition to annul judgment of divorce *held* to warrant conclusion that judgment was rendered solely on husband's testimony, which petition for annulment alleged was untruthful and fraudulent, so that court erred in sustaining exception of no cause of action and dismissing suit.

**5. Divorce ⬅167 — Judgment obtained by plaintiff's willful perjury may be annulled.**

Under Code Prac. art. 607, judgment of divorce, obtained by plaintiff's willful perjury, may be annulled.

158 LA.—31

**6. Divorce ⬅167—Allegations of petition for annulment taken as true on appeal from dismissal on exception.**

On appeal from judgment dismissing suit to annul judgment of divorce, on exception of no cause or right of action, allegations in petition must be taken as true.

**7. Divorce ⬅167—Wife's suit to annul divorce held not barred by laches.**

Wife, first discovering on return to state on August 18, 1924, after visiting relatives with husband's consent, that he had obtained divorce after service of petition on May 21, 1924, on curator ad hoc theretofore appointed for her, *held* not guilty of laches, barring suit for annulment filed August 22, 1924.

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; Jas. W. Jones, Jr., Judge.

Action by Mrs. S. C. Spence against Walter L. Spence. From a judgment of dismissal, plaintiff appeals. Judgment set aside, and case remanded.

Breazeale & Breazeale, of Natchitoches, for appellant.

Bruton T. Dawkins and Overton & Hunter, all of Alexandria, for appellee.

ROGERS, J. Plaintiff instituted this action to annul a judgment of divorce rendered against her at the suit of her husband. Defendant filed an exception of no cause or right of action. This exception was sustained and plaintiff's suit dismissed. Plaintiff then appealed.

Defendant contends that his exception is well founded, because plaintiff nowhere alleges any specific act of fraud or ill practice on his part, and that the averments of her petition are only general in their nature and are merely conclusions of law.

Plaintiff's petition consists of 22 articles, exclusive of the prayer. Article 3 of the petition contains a general allegation of the nullity of the judgment of divorce, because it was obtained through fraud, deceit, and ill practices on the part of the present defendant. The other articles of the petition from 1 to,.

18, both inclusive, set forth, chronologically, the events and proceedings leading up to and resulting in the judgment of divorce.

The facts as shown by these articles of plaintiff's petition and the record of the divorce proceedings which are annexed thereto are that on September 7, 1923, plaintiff, with the consent of her husband, left her home for a visit to a sister and brother who lived in Illinois, and another sister who lived in Ontario, Canada; that her husband gave her $250 for the expenses of the trip, and accompanied her to New Orleans, where he placed her aboard a train destined for Chicago, to go from there to Cherry Valley, Ill.; that she wrote her husband at intervals, and received kind and loving letters from him. Copies of two of his letters, dated September 26, 1923, and October 1, 1923, respectively, are attached to her petition; that she wrote her husband under date of November 26, 1923, expressing her surprise that he failed to send her return transportation prior to that date, as her expected stay of two months was up, which letter was returned to her unopened, with the indorsement of the post office authorities, "Refused." She sets forth a letter received from her husband dated December 6, 1923, and some correspondence with his attorneys, the last letter from whom is dated January 21, 1924. On February 8, 1924, the present defendant sued his wife, the present plaintiff, for separation from bed and board on general allegations of cruel treatment and outrages, and upon representing to the court that she was absent from the state provoked the appointment of a curator ad hoc to represent her. The answer of the curator ad hoc was in effect a general denial; no information being required of the specific acts of outrage and cruel treatment charged.

Thereafter an amended petition was filed in said suit in which the plaintiff (defendant herein) prayed for a final divorce upon the allegation that his said wife had admitted to him that she had committed adultery with a party named. No citation or service was made of this petition, but indorsed thereon is the following: "Received copy of the amended petition in this suit on this, the 21st day of May, 1924," beneath which appears the signature of the curator ad hoc previously appointed, as shown by the order of court, "to represent the absent wife in the suit of W. L. Spence v. Sarilla Culver Spence, *being suit for separation of bed and board.*" (Writer's italics.) The curator ad hoc filed an answer denying generally the allegations of the amended petition. Subsequently the judgment of divorce, which is attacked herein, was rendered.

Plaintiff further alleges that, being penniless and helpless, she lived with and was assisted by her brother and sister and aunt, until, unable to longer stand the suspense, she finally obtained sufficient funds from her relatives to return to Natchitoches, which she did on August 18, 1924, when to her great surprise, humiliation, and distress she found that her husband had obtained a judgment of divorce on the untruthful allegation of admitted adultery in a proceeding "in this court that is fraudulent and untrue." Plaintiff's suit in nullity was filed on August 22, 1924.

In article 18 of her petition petitioner avers that she never knew or heard of the divorce proceedings until said August 18, 1924.

The particular nullities complained of are summarized in article 21 of the petition as follows:

"(a) The allegation that petitioner had left the state permanently is untrue to the knowledge of plaintiff, shown by the letters attached hereto and is a fraud on the court and on petitioner. '

"(b) That petitioner was guilty towards plaintiff of excesses, cruel treatment and outrages, is untrue to the knowledge of the plaintiff and is a fraud on the court and on petitioner.

"(c) That petitioner admitted to plaintiff she had committed adultery with ——— and had told plaintiff she had slept with the said

————— is untrue and also a fraud on the court and on petitioner.

"(d) The appointment of a curator ad hoc to represent petitioner is null and void because petitioner was not an absentee or had left the state permanently, and is a fraud on the court and on petitioner.

"(e) There was no valid or legal citation or notice given petitioner of the pending of the suit and no notice given published or otherwise of the judgment."

[1] The averments in the petition filed in the present suit that the allegations in the petition filed in the suit for divorce to the effect that the defendant in that action (plaintiff in the instant suit) had left the state permanently and was an absentee was false and untrue to the knowledge of the petitioner in the divorce suit is an averment of fact on which the present plaintiff is entitled to a hearing.

[2] We do not agree with the interpretation placed upon Act 296 of 1910 by counsel for the defendant in this cause that it is not necessary that the defendant be permanently absent from the state in order to justify the appointment of a curator ad hoc; that it is only necessary that the defendant be, as a matter of fact, absent from Louisiana. Nor do we find that the authorities cited by counsel sustain their contention. If their interpretation of the statute should be upheld, it would mean that any husband desirous of obtaining a severance of the marriage tie could easily do so by inducing his wife to leave the state ostensibly for a few weeks' vacation, and in her absence institute the proceeding, procure the appointment of a curator ad hoc to represent her on the mere averment of her absence; and, upon her return, his wife would be surprised to learn that she had been divorced during her temporary sojourn outside of the state. We do not believe it was the intention of the Legislature in enacting the statute to bring about any such situation, but that the purpose of the act is to permit an action for divorce to be litigated contra-

dictorily with a curator ad hoc appointed to represent a defendant who is an absentee as understood and defined by Civ. Code, art. 3556, par. 3.

Moreover, Mr. Spence in his amended petition for a divorce specifically alleged that his wife had "left the state permanently."

In Bryant v. Austin, 36 La. Ann. 808, this court, citing Code Prac. art. 607, annulled a judgment of divorce in a case where the plaintiff husband, with knowledge of his wife's whereabouts, denied such knowledge to the curator ad hoc appointed to defend her. In the present case the allegation is that with full knowledge of the facts the husband has perpetrated a fraud on his wife and on the court by falsely alleging under oath, for the purpose of procuring the appointment of a curator ad hoc, that his wife was permanently absent from the state, when as a matter of fact she was only temporarily absent, with his knowledge, consent, and connivance.

[3] It is also alleged that plaintiff as defendant in the divorce suit was not legally cited. This allegation presents a question of jurisdictional fact, although it may also involve a question of law.

[4] Plaintiff specifically denies (article 19) the truth of the charge of adultery made against her in the amended petition of her husband for a divorce; and she specifically denies (article 20) the allegation of the admission of adultery as contained in said amended petition. She alleges "that said allegations were made untruthfully and fraudulently, and, if sworn to in court, such testimony was false and untrue."

Counsel for defendant admit in their supplemental brief that, if the plaintiff had alleged in her petition "that the judgment of divorce was rendered solely upon the testimony of her husband alone, and that his testimony consisted only in stating that Mrs. Spence admitted to him committing adultery

·with the person named there might possibly be some merit in this allegation."

The evidence in the divorce case appears not to have been reduced to writing, which, we take it, is rather unusual in such cases. Nevertheless, plaintiff in her petition has set forth the facts which show that the sole allegation in her husband's petition for divorce upon which a decree could have been predicated was that she had admitted to him that she had committed adultery with the party named in his petition. Necessarily, the only legal testimony that could have been offered on the trial of the divorce action to prove this averment was the alleged admission of the wife, and the only witness who could have given that testimony was the husband himself, to whom it was alleged the admission was made. The conclusion is inescapable, therefore, that the judgment of divorce was rendered solely upon the testimony of Mr. Spence—testimony which plaintiff has alleged in her petition was untruthful and fraudulent.

[5] The question presented, therefore, by plaintiff's petition in the instant case is not one of the insufficiency of the evidence in the divorce proceeding, but of its false and fraudulent character.

Code Prac. art. 607, provides:

"A definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud or other ill practices on the part of the party in whose favor it was rendered," etc.

In Lazarus v. McGuirk, 42 La. Ann. 194, 8 So. 253, this court, through Mr. Justice Fenner, held that the grounds of fraud in the article of the Code of Practice referred to are illustrative and not exclusive, and, in commenting upon the codal provision, used this language, at page 201 (8 So. 255), of the opinion, viz.:

· "These authorities emancipate the terms 'fraud and ill practices' from control by the illustrative examples given, and vest the courts with wide discretion to determine what kinds and degrees of 'fraud and ill practices' should vitiate a judgment, and they open to us the books of equity jurisprudence in other states as aids and guides in deciding such questions. * * * Fraud vitiates everything, and whatever Protean shape it may assume, justice should be left free to meet and thwart it.".

The rule where false swearing is alleged as a ground of nullity is stated as follows:

"Perjury at the trial is generally held to be no ground for vacating the judgment as being one obtained through fraud, unless specifically made so by statute. This rule rests upon grounds of public policy which requires that there must be an end to litigation. Some courts hold, however, *that where a party obtains a judgment by his own willful perjury, or by the use of false testimony which he knows at the time to be false, he practices a fraud for which the judgment may be vacated.* But perjury is not ground for vacating the judgment where the judgment does not rest upon the perjured testimony, as where it relates to an immaterial matter." (Writer's italics.) 34 C. J. § 497, pp. 284, 285, citing, among numerous cases, Rowe v. Chicago Lumber, etc., Co., 50 La. Ann. 1258, 24 So. 235.

See, also, to the same effect, 15 R. C. L. § 157.

In Rowe v. Chicago Lumber, etc., Co., referred to supra, in which a remand of the case was sought upon the production of ex parte affidavits, charging in effect that plaintiff and his witnesses swore falsely, and that defendants were subjected to a conspiracy to defraud them by the judgment sought and obtained, this court, through Mr. Justice Miller, said, at page 1262 (24 So. 237), of the opinion:

"If these affidavits can be sustained, the Code gives the appropriate remedy to annul the judgment and to that remedy we must remit the defendants."

Mr. Black, in his work on Judgments, states the rule in the following words:

"Another species of fraud which the plaintiff may practice in procuring a judgment, and which will be sufficient to cause its vacation, is his own willful perjury." Black on Judgments (2d Ed.) vol. 1, § 323, p. 495.

[6, 7] Applying these principles to the case presented by the plaintiff's petition, which must be taken as true, and considering that the allegations of the petition show that plaintiff has not been guilty of laches, and that the false swearing and fraudulent acts of her husband are set forth as the grounds of nullity, and the matter testified to and alleged to be false is material and was the basis of the judgment of divorce, we are of the opinion that the exception of no cause or right of action cannot be maintained.

For these reasons, the judgment appealed from is set aside, the exception of no cause or right of action filed by defendant, Walter L. Spence, is overruled, and this case is remanded to the district court to be proceeded with according to law; costs of this appeal to be paid by said defendant; all other costs to await the final disposition of the case.

O'NIELL, C. J., absent.