HARDY, Judge.
This suit was instituted by plaintiff, Roy O. Martin Lumber Company, Inc., under the provisions of LSA-R.S. 9:171 et seq., praying that the court order the sale of an undivided %2 interest in and to certain particularly described property located in Rapides Parish, owned by the defendant, Mrs. Cleo Bryant Strange, a resident of the State of Tennessee.
Defendant opposed plaintiff’s right to the relief sought upon two principal grounds; first, that defendant was not an absentee within the contemplation of the statutory provisions above noted, and, second, that the proposed sale would not be advantageous to defendant. These issues were first tendered in an exception of no right and no cause of action which was overruled and were then re-asserted in defendant’s answer to the suit.
After trial on the merits there was judgment in favor of plaintiff ordering the defendant to make conveyance of her interest in the property described within thirty days from the date of judgment, and, upon failure so to do, decreeing the judgment to stand in lieu of such conveyance. There was further judgment ordering the consideration accruing to defendant, which was fixed in the amount of $900, to be paid into the Registry of the Clerk of Court in the event of defendant’s failure to execute the conveyance ordered. Costs were taxed against defendant. From this judgment defendant has appealed.
At the time of filing suit on February IS, 1956, plaintiff was the owner of an undivided 3Ys2 interest in and to the following described property located in the Parish of Rapides, State of Louisiana:
A certain tract or parcel of land situated in the Parish of Rapides, State of Louisiana, being all of Fractional Section 34 Township 5 North, Range 2 East, containing 286.41 acres of land, more or less, together with all buildings and improvements thereon, and all rights, ways and privileges appurtenant thereto, including all lands, underlying roads and under rights of way on or adjacent to the said land, all water bottoms and beds, alluvion and batture.
It was alleged in plaintiff’s petition, and established on trial, that plaintiff began acquiring interests in the above described tract in or about the month of July, 1954, and at the time of filing this suit had purchased the entire interest in the property with the exception of the undivided Vz2 interest owned by defendant. The payment of consideration for plaintiff’s purchases averaged $89.61 per acre. Plaintiff negotiated with defendant in the effort to purchase her interest upon the basis of a price of $90 per acre, amounting to a total of $805, which offer was refused. It appears *855 from certain correspondence, incorporated in the record and filed in evidence by defendant, that the defendant asked a consideration of $1,000 with a reservation of minerals, which counter-proposition was refused by plaintiff.
Following this negotiation plaintiff instituted this suit under the provisions of LSA-R.S. 9:171-9:178, inclusive (Acts 1948, No. 457). These provisions authorize and provide the means for effecting the private sale of property to effect a partition in those cases where a record owner of any interest in the property is absent from the State.
The provisions under which the action may be instituted are set forth in Section 171, which reads as follows:
“Whenever to effect a partition, it is desired to sell for cash at private sale an entire property, regardless of its divisibility, and a record owner or owners of any interest or interests in the property are absent from the state and not represented of record in the parish where the property is situated, or his or their residence is unknown, or it is not known whether the record co-owner is or is not near, the other co-owners may file a petition in the district court of the parish in which the property is situated setting forth a full description of the property to be sold, the price and conditions of the private sale, and the reasons which make it advantageous to the co-owners to sell the property at private sale for cash to effect this partition.”
Defendant first contends that she is not an absentee within the meaning and intent of the statute. We are able to accord little consideration to this argument since we find nothing in the statute under examination which distinguishes an absentee, as therein defined, from the well understood and established definition of the term under both our codal provisions, as set forth in LSA-C.C. Art. 3556(3), and our jurisprudence. Indeed, if we did not have the benefit of the codal definition and the interpretations found in our jurisprudence, we think the provisions of the statute itself, as above quoted, are so clear as to deny any possibility of misinterpretation. This defendant, unquestionably, in the words of the statute, was “absent from the state and not represented of record in the parish where the property is situated * * * ”, and it follows that the contention made is untenable.
Next the objection is made that plaintiff has failed to establish the requisite fact that the proposed sale would be advantageous. Primarily, this defense was predicated upon the claim that the property in question embraced valuable gravel deposits, and, as a consequence, the price offered would not represent the full value of the property. This contention was carefully considered and painstakingly analyzed by the learned judge of the district court in his written opinion. Two experts tendered by plaintiff testified that, in their opinion, the value of any gravel deposits was negligible, and the expert witness on behalf of defendant was unwilling to express any opinion in the absence of adequate tests of the property. This witness further testified that he would not be willing to make a test on behalf of his company unless he could procure an option which would justify the necessary expenditure.
We concur with the conclusions of the district judge who found that there was no basis for the claim of existence of rich deposits of gravel, and that the evidence of the experts who had personally inspected the property indicated, in all probability, that the gravel of value had all been mined therefrom.
Before this court counsel for defendant has zealously argued that the term “advantageous” must be construed with reference to all parties concerned. It is pointed out that the record establishes the proposition that the proposed sale will be advantageous *856 to plaintiff but will not result in a commensurate advantage to defendant. We have carefully examined this contention. It has been established that plaintiff desires to engage in a comprehensive and expensive reforestation program and that the principal, if not entire, value of the property involved lies in its timber content and the projected development thereof by approved conservation measures. Plaintiff is unwilling to undertake the necessary operations unless and until it acquires the entire ownership. It was further frankly testified on behalf of plaintiff that it would not be agreeable to selling its interest at the same price which it was prepared to pay defendant. This position was logically explained on the ground that plaintiff had made an expensive investment, not only in the total amount of the consideration but also in a substantial outlay of costs and expenses.
After thorough consideration we find nothing unfair nor inequitable in these explanations of plaintiff’s position.
Finally, counsel urges that the statute specifically requires the sale of the “entire property” and, therefore, the sale of defendant’s interest contravenes the statutory requirement. We think there would be considerable merit in this argument were it not for the provision of Section 177, which reads as follows:
“Any property sold under the provisions of this Chapter may be purchased by any co-owner or co-owners.”
To require the sale of the entire interest in order to effect the purchase thereof by plaintiff would, in our opinion, constitute an absurdity. Identically the same result will be accomplished by the sale of defendant’s small interest, which will serve to vest the title to the whole, that is, to the “entire property,” in plaintiff.
Finally, it should be observed that all proceedings under the statute involved are conducted under examination by the district court of the parish in which the property is situated. The act is permissive,, not mandatory, and full protection is accorded the absent owner or owners. Except in cases where the district court has been guilty of abuse of discretion, or has erred in its evaluation of facts, we perceive no ground upon which a decree should be disturbed. No such reason exists in the instant case.
Though the question has not been raised, we are disposed to give consideration, ex proprio motu, to the matter of costs in the instant case. We note that the judgment appealed from assesses all costs,, including the fees of expert witnesses, against the defendant. We are inclined to feel that this action is inequitable, and, accordingly, we have determined to exercise the right granted appellate courts under the provisions of Code Prac. Art. 908.3 by assessing the costs of the lower court equally between the parties litigant.
For the reasons assigned the judgment appealed from is affirmed, and, accordingly,
It is now Ordered, Adjudged and Decreed that there be judgment herein in favor of plaintiff, Roy O. Martin Lumber Company, Inc. The defendant, Mrs. Cleo Bryant Strange, is hereby directed and ordered to sell and transfer at private sale unto Roy O. Martin Lumber Company, Inc., her undivided Vs2 interest in and to the following described property situated in the Parish of Rapides, State of Louisiana, to-wit:
A certain tract or parcel of land situated in the Parish of Rapides, State of Louisiana, being all of Fractional Section 34, Township 5 North, Range 2 East, containing 286.41 acres of land, more or less, together with all buildings and improvements thereon, and all rights, ways and privileges appurtenant thereto, including all lands, underlying roads and under rights of way on or adjacent to the said land, all water bottoms and beds, alluvion and batture.
*857 It is further ordered that, in consideration for the said transfer, the plaintiff, Roy O. Martin Lumber Company, Inc., shall pay to the defendant, Mrs. Cleo Bryant Strange, the sum of $900 cash at the time of the consummation of the sale above •ordered.
It is further ordered that in the event the •defendant shall fail to comply with this judgment within a period of thirty days from the date of finality hereof, then, and in such event, this judgment shall stand in lieu of and shall be considered equivalent to a full and complete act of transfer and conveyance by defendant, and, in such •event, the consideration hereinabove fixed as full payment for defendant’s interest in the property described shall be deposited in the Registry of the Clerk of Court of the Ninth Judicial District Court of Louisiana in and for Rapides Parish for the benefit and account of the said defendant, Mrs. Cleo Bryant Strange.
All costs of the lower court, including the fees of expert witnesses fixed at $25 each, are equally divided between and assessed against plaintiff and defendant. All costs of this appeal are taxed against defendant-appellant.
PER CURIAM.
Our attention has been called to LSA-R.S. 9:176, which provides for the deposit of the sale price accruing to the absent co-owner in the registry of the court:
“ * * * less his pro rata of the cost of the sale and court cost, * * (Emphasis supplied.)
Under the above provision of the statute we think we were in error in dividing the costs equally between the parties litigant. Accordingly, our decree is amended by taxing ®%2 of the costs of the lower court against plaintiff and %2 of said costs against defendant. Costs of the appeal are taxed against defendant-appellant.
The application for rehearing is denied.