HAWTHORNE, Justice.
Roy O. Martin Lumber Company, Inc., instituted this suit against Mrs. Cleo' Bryant Strange, alleged and shown to be a resident of Millington, Tennessee, for the purpose of effecting a partition of 320 acres of land situated in Rapides Parish, Louisiana, by private sale pursuant to the provisions of R.S. 9:171 et seq.[1]
As required by the statute a curator ad hoc was appointed to represent the absent deféndant, notice of filing of plaintiff’s petition was published, and a rule issued upon the curator ad hoc to show cause why the relief prayed for should not be granted. Prior to trial of the rule the absent defendant appeared through counsel of her own choice, and, after certain preliminary exceptions had been disposed of, filed her answer.
It is conceded that plaintiff is the owner of an undivided 8Y&2 interest in the 320 acres, and that the non-resident defendant is the owner of an undivided Y32 interest. Plaintiff alleged the tract to have a total value of $25,664.05, and for the purpose of effecting a partition sought to acquire the Y32 interest of the defendant for $805.50. Experts were called by the parties to testify as to the value of the property. After a hearing to establish the fairness and advisability of a private sale of the property to effect a partition, the court found that the entire property had a value of $28,800 and accordingly valued defendant’s interest at $900.[2]
Judgment was rendered in favor of plaintiff and against defendant ordering a partition by the private sale of the undivided interest of the defendant to plaintiff, all pursuant to the statute. The Court of Appeal affirmed this judgment (see 95 So.2d 853), and the case is now before us under our supervisory jurisdiction.
R.S. 9:171 under which this suit was instituted provided before it was amended in 1956:
“Whenever to effect a partition, it is desired to sell for cash at private sale an entire property, regardless of its divisibility, and a .record owner or owners of any interest or interests in the property are absent from the state and not represented of record in the parish where the property is situated, or his or their residence is unknown, or it is not known whether the record co-owner is or is not near [dead],[3] the other co-owners may file a petition in the district court of the parish in which the property is situated setting forth a full description of the property to be sold, the price and conditions of the private sale, and the reasons which make it advantageous to the co-owners to sell the property at private sale for cash to effect this partition.”
R.S. 9 :172 requires publication of notice of the filing of the petition in a newspaper *725 published in the parish in which the property is situated, the appointment by the court of an attorney at law as curator ad hoc to represent the absent co-owner, and the service of a copy of the petition upon the curator ad hoc, etc. Section 173 provides for the issuance of a rule directed to the curator ad hoc to show cause why the prayer of the petition should not be granted. Section 174 provides that the court may appoint experts to examine into the condition and value of the property, and that upon the trial of the rule the court shall hear such evidence as is necessary to establish the fairness and advisability of a private sale to effect the partition. Section 175, before its amendment in 1956, provided that in the event the sale is ordered, the court shall fix the minimum price to be accepted and authorize the curator ad hoc to execute the necessary act on behalf of the absent, unlocated, or deceased co-owner, etc. Section 176 provides for the deposit in the registry of the court of the share of the sale price accruing to the absent, unlocated, or deceased co-owner, and Section 177 provides that any property sold under the provisions of the act may be purchased by any co-owner or co-owners.[4]
Relator does not contend that any of the procedural .requirements of the statute were not complied with. In this court her primary contention is that the provisions of R.S. 9:171 et seq. cannot be used to effect a partition by private sale in this case because the whereabouts of the non-resident defendant was known, and she was not an absentee in the contemplation of the statute. Counsel for .relator say that a partition may be enforced by private sale under the provisions of this statute only in those instances where the co-owner has left the state and his whereabouts is unknown.
As we read the statute we think its provisions are clear that a suit for a partition by private sale can be instituted under one or more of the following circumstances: (1) Where a record owner of any interest in the property is absent from the state and not represented of record in the parish where the property is situated; or (2) where the residence of the co-owner is unknown; or (3) where it is not known whether the record owner is or is not dead.
That such a suit can be filed under any of the circumstances set out above is made perfectly evident by the provisions of subsequent sections before their amendment in 1956. For instance, Section 172 provides for the appointment of a curator ad hoc to represent the absent, unlocated, or deceased co-owner or his or their heirs, and Section 175 authorizes the curator ad hoc “to execute the necessary act in his capacity on behalf of the absent, unlocated, or deceased co-owner or co-owners, or his or their heirs, and receipt for the share of the said absent, unlocated, or deceased co-owner or co-owners”.
We fail to see any merit in relator’s contention that she is not an absentee within the meaning and contemplation of the statute, for, as said by the Court of Appeal, “ * * * the provisions of the statute itself, as above quoted, are so clear as to deny any possibility of misinterpretation. This defendant, unquestionably, in the words of the statute, was ‘absent from the state and not represented of record in the parish where the property is situated * * * See 95 So.2d 853, at page 855.
It may be true, as relator contends, that the words “absent” and “absentee” have a *726 variety of meanings. However, the meaning of “absent” in the statute under consideration is perfectly clear. It has reference, as the statute says and as the Court of Appeal found, to one “absent from the state and not represented of record in the parish”. R.S. 9:171 before its amendment by Act 534 of 1956. Moreover, see Louisiana Civil Code Article 3556(3), where the term “absentee” is defined as follows:
“An absentee is a person who has resided in the State, and has departed without leaving any one to represent him.
“It means also the person, who never was domiciled in the State and resides abroad.
“In matters of succession, the heir whose residence is not known is deemed an absentee.”
Relator next contends that the private sale of a non-resident’s property at a price solely determined by the purchaser would constitute a violation of due process and equal protection of the laws. Relator did not plead the unconstitutionality of the statute. In any event, however, the statute itself does not, as she states, permit the property to be sold at private sale to effect a partition at a price solely determined by the purchaser. The statute makes it clear that the court may appoint experts to examine into the condition and value of the property, and upon the trial of the rule shall hear such evidence as is necessary to establish the fairness and advisability of a private sale to effect a partition and shall fix the minimum price to be accepted. In the instant case plaintiff appraised the entire property at $25,664.05, whereas the court at the hearing determined the value to be $28,800.
Relator next argues that if this court should find that the statute is applicable, then there was error in the holding that the lumber company alone could purchase the property, for, under this statute, in the partition of an absentee’s property all the co-owners must have an equal opportunity to purchase the property. The lower court did not hold that the lumber company alone-had the right to purchase the property. The statute itself provides that any property sold pursuant to its provisions “maybe purchased by any co-owner or co-owners”. Relator never sought, and was never denied, the opportunity to buy the property-as one of the co-owners.
Finally relator says that the partition of an absentee’s property must be advantageous to all the co-owners and not just to the party seeking the partition. In this connection she argues that the price fixed was of great advantage to the lumber company, but that the record discloses there was no advantage to her. The trial-’ judge in his reasons for judgment reviewed all of the evidence adduced and' the value placed on the property by the experts, and in fixing the price concluded that it was advantageous to both co-owners to sell the property at private sale under the provisions of the statute. Furthermore, as we have said, he heard evidence to-establish the fairness and advisability of the private sale of the property. After reviewing all the evidence adduced we cannot say that he erred in ordering the partition.
For the reasons assigned the judgment-of the Court of Appeal is affirmed.
McCALEB, J., dissents with written; reasons.

. After institution of this suit R.S. 9:171 et seq. were amended by Act 534 of 1956.

. Defendant was at one time apparently willing to accept $1,000 for her interest with reservation of the minerals.

.See LSA-R.S. 13:4976 and comment thereunder.

. It is to be noted that the provisions of R.S. 9:171 et seq. (before their amendment in 1956), dealing with the partition of an absentee’s property by private sale, are repeated almost word for word in R.S. 13:4976 et seq., and that the source of all these laws is Act 457 of 1948. Of. R.S. 9:691 et seq. which provide for the partition by private sale of property in which a minor or an interdict has an interest.