On Rehearing
PONDER, Justice.
A rehearing was granted in this case in order that we might reconsider our holding that LSA-R.S. 9:171 et seq., dealing with the partition of an absentee’s property by private sale, was applicable to the defendant herein, a resident of Tennessee, whose address was at all times known to the plaintiff, and who appeared through counsel before the proceedings were heard.
We took the position on original hearing that even though the address of the absent defendant was known to the plaintiff and even though the defendant made an appearance before the proceedings were heard, the provisions of LSA-R.S. 9:171 et seq. were applicable.
This suit was instituted by Roy O. Martin Lumber Company, Incorporated, under the provisions of LSA — R.S. 9:171 et seq., seeking the partition of certain property in which it owned a sYs2nd interest, and a Vs2nd interest being owned by the defendant, Mrs. Cleo Bryant Strange. The plaintiff sought to buy the defendant’s interest at private sale under provisions of these statutes. It is alleged in the plaintiff’s petition that the defendant is an absentee from the state and that her domicile and residence is at 4782 Easley Street, Milling-ton, State of Tennessee.
Upon the filing of the petition, the court appointed a curator ad hoc to represent the defendant. The curator ad hoc immediately contacted the defendant, using the address set out in plaintiff’s petition, informing her of her proceedings. The defendant employed counsel of her choice who appeared of record, before any steps were taken in the proceedings, and interposed an exception of no right and no cause of action based on the ground that the statutes relied upon were not applicable.
Upon the appearance of defendant’s counsel, the lower court discharged the curator and the proceedings was carried on and disposed of contradictorily with the counsel whom the defendant had employed. The lower court overruled the defendant’s' exceptions and, after a hearing on the merits, rendered a judgment ordering the partition by private sale, conveying the defendant’s interest in the property to plaintiff. This judgment was affirmed, on appeal, by the Court of Appeal. See 95 So.2d 853. On application of the defendant, we granted writs and, after a hearing, affirmed the judgment. A rehearing was granted upon application of the defendant.
The defendant contends that the provisions of LSA-R.S. 9:171 et seq. are not applicable for the reason that her whereabouts were well known to the plaintiff and that because of her appearance through counsel of her own choice, having been made counsel of record, she was not an absentee within the meaning of the statute. The defendant concedes that plaintiff is entitled to a partition under the law but contends that the partition must be by ordinary partition proceedings via public sale.
It appears from the record that the plaintiff well knew the whereabouts of the defendant and that it had negotiated with her through correspondence for the purchase of her interest in the property but the parties were unable to come to any agreement.
Section 171, Title 9 of the Revised Statutes is entitled “Partition of Absentee’s Property by Private Sale.” Section 171 (before amendment by Act 534 of 1956) reads as follows:
“Whenever to effect a partition, it is desired to sell for cash at private sale an entire property, regardless of its divisibility, and a record owner or owners of any interest or interests in the property are absent from the state and not represented of record in the parish where the property is situated, or his or their residence is unknown. *729 or it is not known whether the record co-owner is or is not near, the other co-owners may file a petition in the district court of the parish in which the property is situated setting forth a full description of the property to he sold, the price and conditions of the private sale, and the reasons which make it advantageous to the co-owners to sell the property at private sale for cash to effect this partition.”
Plaintiff contends that since the defendant was absent from the state and not represented of record when the suit was brought that the provisions of LSA-R.S. 9:171 et seq. govern.
If we were to assume that the defendant’s rights are governed by LSA-R.S. 9:171 et seq. at the time this suit was filed, she would no longer be amenable to the provisions of these statutes after she made her appearance in the proceedings through an attorney of record. From a reading of these statutes dealing with the partition of an absentee’s property, it is obvious that the provisions were intended to apply to one who was not only absent but was in fact unrepresented in the proceedings. This is evident from the fact that these statutes require the publication of the notice of the filing of the petition in a newspaper and the appointment of an attorney at law as a curator ad hoc to “represent the absent, unlocated, or deceased ■co-owner.” It is clear from the language used therein that it only applies to the absentee who has made no appearance because it is stated: “Moreover, all of the proceedings shall be maintained contradictorily against the curator ad hoc in his said capacity.” It is further provided that the curator alone is authorized to execute the act of sale in his capacity on behalf of the absent, unlocated or deceased co-owner. It also provides that the share due the absent, unlocated, or deceased owner shall be deposited in the registry of the court. Certainly these provisions of the statute cannot be carried out under the facts in this case. The whole tenor of LSA-R.S. 9:171 et seq., dealing with the partition of an absentee’s property, clearly demonstrates that these provisions were only meant to apply to an absentee whose whereabouts are unknown, who remains unknown, and who has made no appearance, either in person or by counsel of record.
For the reasons assigned, the judgment of the lower court and the judgment of the court of appeal are reversed and set aside and the suit is dismissed at the cost of the plaintiff, Roy O. Martin Lumber Company, Incorporated.
HAWTHORNE, J., dissents.
FOURNET, C. J., absent.