GLADNEY, Judge.
Plaintiff, alleging his ownership of an undivided one-half interest in certain lands located in Bienville Parish, Louisiana, brought this suit to secure a partition by private sale as provided for in LSA-R.S. 9:171 et seq. Emanuel Rambo has appealed from a judgment ordering the partition.
Named defendants were twenty-three co-owners. The petition, according “to the best information petitioner has been able to obtain”, sets forth the out-of-state residences of several of the defendants, including appellant, to show that such defendants were absent without representation. The statutory requirements with reference to the publication of notice of the filing of the petition and the appointment of a curator ad hoc to represent the defendant co-owners, with whom all proceedings were conducted, contradictorily, are not attacked by appellant, who concedes in brief the procedural requirements of the statute were strictly complied with. On July 30, 1959, the trial court rendered judgment ordering a partition by private sale of the property interests of the named defendants, all for the cash consideration of $1,800, which amount was deposited with the Clerk of Court for the benefit of defendants. Pursuant to the judgment the act of sale was confected, transferring to the petitioner an undivided one-half interest in the land. None of the defendants appeared in the proceedings prior to the judgment and it was not until some nine months thereafter on April 1, 1960, that Emanuel Rambo appeared through counsel and obtained and perfected an order for a devolutive appeal.
The contentions of appellant are threefold: (1) that the statute under which the private sale of property was made cannot affect appellant for he was only temporarily absent from Bienville Parish when the suit was filed; (2) that the property was disposed of for an unfair and inequitable price; and (3) that his interest in the property and in the proceeds of the sale was erroneously determined. Rambo seeks an avoidance of the judgment and sale on the ground that the statute was inapplicable, and alternatively, should we hold the statute does apply to him, that he is entitled to a remand of the case for the purpose of in *909 troducing evidence of the value of the property.
We direct our attention only to the contention of appellant that he was temporarily absent from the state at the time of the institution of this suit, thus rendering the statute inapplicable. As a result of our resolution of the aforesaid contention, it is unnecessary that we consider the other issues presented in brief by the appellant.
It is alleged in plaintiff’s petition that “according to the best information petitioner had been áble to obtain, * * * Emanuel Rambo is a resident of Kansas City, Missouri.” It is asserted in brief by counsel for appellant:
“The defendant, Emanuel Rambo, was temporarily absent from his home in Bienville Parish, Louisiana (He lived on the property sold) and was residing with his daughter in Kansas City, Missouri. A Curator Ad Hoc was appointed to represent him as though he could not he found or was an absentee. He received no letter from his Curator ad hoc, and when he returned to his home in the latter part of 1959, he found his house filled with hay and was advised that he no longer had an interest in the property. Had he been present or notified of proceedings to sell his interest in the property inherited by him, he could have shown that he was temporarily absent from the State, * * *
In the light of the representation so made in brief, it is seriously urged that appellant and his property were not subject to the provisions of the statute and that this case should be remanded for the introduction of evidence to that effect.
The action initiated by appellee herein was brought pursuant to the provisions of LSA-R.S. 9 :l7l-178, as amended by Act 534 of 1956, Section 171 reading:
“Whenever to effect a partition, it is desired to sell any one or more parcels of property for cash at private sale, regardless of divisibility in kind, and any co-owner, or possible claimant of any interest in the property, cannot be found or is an absentee, or it is not known if he be alive or dead, the other co-owners may file a petition in the district court of the parish in which such property is located describing the same, the price and conditions of the proposed private sale, and setting forth the reasons which make it advantageous to make the private sale for cash to effect the partition.”
The statute' (LSA-R.S. 9:171-178) [1] is incorporated in the Revised Statutes in Code Title III, entitled “Of Absentees” under Chapter 2, which is captioned “Partition of Absentee’s Property By Private Sale”. It is clear, we think, that the statute may not be invoked against one who is not an absentee. The following definition is found in LSA-C.C. Art. 3556:
“Absentees. — An absentee is a person who has resided in the State, and has departed without leaving any one to represent him.
“It means also the person, who never was domiciliated in the State and resides abroad.
“In matters of succession, the heir whose residence is not known is deemed an absentee.”
Plainly, under our jurisprudence, an absentee is one who is permanently absent from the state. Spence v. Spence, 1925, 158 La. 961, 105 So. 28, 29; Roy O. Martin Lumber Company v. Strange, La.App. 2 Cir., 1956, 95 So.2d 853, reversed by the *910 Supreme Court 1958, 236 La. 77, 106 So.2d 723:
It is within the sound discretion of this' court to remand causes when the enforcement of the judgments would be unconscionable and inequitable. City of New Orleans v. Le Bourgeois, 1898, 50 La.Ann. 591, 23 So. 542; Bell v. Holdcraft, La.App. 2 Cir., 1940, 196 So. 379; McDaniels v. Doll, La.App. Orleans 1949, 40 So.2d 530.
Under the authority of Article 906 of the Code of Practice we have concluded that in the interest of justice the case ought to be remanded for a new trial and that both sides should be allowed to amend or supplement their pleadings as well as their evidence, if either of them so desires, consistent with the pleadings already filed, and with special reference to the question of whether at the time of the institution of this suit, the appellant, Emanuel Rambo, was an absentee.
The judgment from which appealed insofar only as it affects the interest of Emanuel Rambo in and to the following described land situated in Bienville Parish, Louisiana, to-wit:
“W *4 of NE 14 and SEJ4 of NE 14, Section 17, Township 16 North, Range 9 West, containing 120 acres, more or less.”
is set aside and the case is ordered remanded to the Second Judicial District Court of Louisiana, in and for the Parish of Bien-ville, for further proceedings consistent with the opinion now ordered. The liability for the costs of this appeal and for other costs is to abide the final disposition of the case.

. The recently enacted Louisiana Code of Civil Procedure, which becomes effective January 1, 1961, confines partition of an absentee co-owner’s property to partition by licitation, it being the thought of the Reporters that LSA-R.S. 9:171-178 and 13:4976-4983 provide inadequate protection of the rights of an absentee. See Reporter’s Comment to Art. 4621, La. Code of Civil. Proc. of 1960, LSA