**86 So.2d 57**

**Etta Mae PATTON**

**v.**

**HEIRS OF John PATTON.**

**No. 39973.**

Feb. 20, 1956.

—◇—

Louis Berry, New Orleans, for plaintiff-appellant.

J. M. Henagan, Jena, for appellee.

HAWTHORNE, Justice.

Etta Mae Patton has appealed from a judgment dismissing a suit in which she sought to have annulled and set aside a judgment of divorce obtained by John Patton on September 27, 1929. Defendants are the heirs of her former husband. The grounds of nullity alleged are (1) that the judgment of divorce was obtained by fraud on the part of John Patton, and (2) that the appointment of a curator ad hoc to represent Etta Mae Patton in those proceedings was improper, illegal, and null since she was residing in the state at the time, and that the divorce proceedings were absolutely null because she was not legally cited and made no appearance in the divorce suit.

Etta Mae Patton and John Patton were married in 1920 and separated in 1928. In the latter part of 1929 John Patton instituted suit for a divorce on the ground of adultery. Upon the allegation that his wife was a non-resident of the state, he obtained an order appointing a curator ad hoc to represent her in the proceedings. Judgment granting him an absolute divorce was rendered by the district court of LaSalle Parish on September 27, 1929. In 1930 John Patton married Zella Mae Franklin. Patton died on October 18, 1936, his succession was opened, and a judgment was rendered recognizing Zella Mae Patton as his surviving spouse and recognizing her and his father, James Patton, as his surviving heirs.

In 1948, almost 20 years after the divorce had been granted and 12 years after John Patton's death, Etta Mae Patton instituted this suit to annul the judgment of

divorce, motivated, according to the trial judge in his reasons for judgment, by the hope of establishing some right in herself to certain anticipated benefits to be received from the federal government.

According to plaintiff's testimony, she did not learn that John Patton had obtained a divorce from her until she was so informed by the Veterans Administration in 1945, but we are convinced that this statement is untrue. We think it is fully established by the testimony in this case that she had knowledge of this divorce as early as 1931, and also knew that Patton had remarried. In fact, she admitted at the trial that she and Patton had divided the proceeds from the sale of their community property in 1930.

■ There is no evidence to sustain the charge that fraud was practiced by John Patton in obtaining the judgment of divorce. In this connection, the trial judge was convinced that Patton had no motive to resort to fraud because it was unnecessary for him to use illegal methods in order to obtain his divorce decree. Etta Mae Patton had been living in adultery, and she and the man with whom she was living had left the Parish of LaSalle with the announced intention of going to Mississippi. Moreover, if we should assume that fraud was actually practiced by John Patton, plaintiff's action to annul the judgment on this ground is barred by the one-year prescriptive period of Article 613 of the Code of Practice,

since, as pointed out above, she knew of the divorce in 1931 at the latest.

We now come to appellant's contention that the appointment of a curator ad hoc to represent her in the 1929 divorce suit was improper, illegal, and null because she was a resident of the State of Louisiana at the time of the suit, and that consequently the judgment of divorce was a nullity because she was never legally cited and made no appearance in the divorce suit.

■ Citation is undoubtedly the essential ground of all civil actions, and proceedings had without it are absolutely null unless the defendant has voluntarily appeared and answered the demand. Arts. 206, 606(4), La.Code Practice; Wilson v. King, 227 La. 546, 79 So.2d 877. Thus, this court has held that a wife not an absentee cannot be cited in divorce proceedings through a curator ad hoc, and a judgment rendered contradictorily with a curator under such circumstances is void. Elmore v. Johnson, 121 La. 277, 46 So. 310; see Spence v. Spence, 158 La. 961, 105 So. 28. However, in view of the fact that this suit to annul was instituted long after the death of John Patton, we think that this plaintiff should be required to establish by exceptionally strong and convincing proof that she was actually residing at Bunkie in the State of Louisiana during the fall of 1929, and that consequently citation addressed to her through a curator ad hoc was no citation at all. This she has not done. Her testimony with reference to these facts

has been considered with extreme care, both by the lower court and by us. The trial judge, who heard and saw the plaintiff testify, weighed her testimony and the documentary evidence she introduced to prove her residence, and he concluded that she had failed to discharge the burden of proving that she was not absent from the state when the petition for divorce was filed and the judgment of divorce granted. After reading the entire record we cannot say that there is any manifest error in his conclusion.

The judgment is affirmed at appellant's costs.