**Geoffrey Stewart READ, Appellant,**

**v.**

**Appellees.**

**Dorothy Campbell ULMER et al., Appellees.**

**No. 19026.**

United States Court of Appeals
Fifth Circuit.

Nov. 2, 1962.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

A. R. Christovich, Jr., New Orleans, La., for appellant.

Arthur Cobb, Roy Maughan, Baton Rouge, La., for appellees.

Before JONES, BROWN and BELL, Circuit Judges.

JONES, Circuit Judge.

Three men were killed in the crash of a helicopter flying out of New Orleans over Louisiana. Vertol Aircraft Corporation was the manufacturer of the aircraft. The appellees, dependent survivors of the three deceased flyers, brought an action in the Eastern District of Louisiana numbered 9376 against Vertol asserting defects in a propeller blade of the aircraft as the cause of the crash. Vertol filed motions to quash service and to dismiss it for lack of jurisdiction over its person. Before the court had acted upon these motions, the plaintiffs, who are appellees here, propounded interrogatories seeking from Vertol the names of its insurers. Vertol, urging that it was not before the court because of an absence of effective service upon it, objected to the answering of the interrogatories. The court, in a hearing upon the motion, made the following statement:

"The Court feels that a disclosure of the insurer may have some bearing on whether or not the defendant herein has any risk covered by policies, and it may have some bearing on whether or not this defendant is doing business in the State. As a practical matter, the plaintiff wants the insurer's name. And, the Supreme Court of Louisiana has said that as a matter of ethics Counsel should divulge the name of its insurer, the name of the party that counsel represents. That is what the Supreme Court of Louisiana said. The basis for that obviously is that if an insurance company wants to do business in Louisiana, it ought to be prepared to comply with the laws of Louisiana and submit itself to the courts of Louisiana in proper cases.

"The motion is denied at this time, and you are ordered to disclose the name of the insurer."

The court made the dismissal of the cause as to Vertol conditioned upon the disclosure of the identity of its insurance carriers. The disclosure was made. An order was entered dismissing Vertol for want of jurisdiction over it.

The plaintiffs then filed a new suit numbered 10421 in the Eastern District of Louisiana under the Louisiana Direct Action Statute, LSA–R.S. 22:655, against the insurers who were identified by Vertol, as the price of its dismissal from Case No. 9376. The same cause of action was asserted as had been the basis of the complaint in Case No. 9376. Among the insurers are Underwriters at Lloyd's, and by stipulation Geoffrey Stewart Read was substituted for them.

Plaintiffs then made a motion, directed to Geoffrey Stewart Read, to permit discovery of "all pieces of the broken blade spar which allegedly broke in flight and caused the helicopter to crash" alleging these to be in the possession, control or custody of the defendant, Geoffrey Stewart Read. The court ordered that Geoffrey Stewart Read produce the blade spar in question. In opposition to the motion, defendant Geoffrey Stewart Read stated that he did not have possession of the blade spar referred to or custody of it. The plaintiffs then made a motion for relief under Rule 37(b) (2) (ii), Federal

Rules of Civil Procedure, 28 U.S.C.A.[1] Read reported that he had attempted to comply with the court's order but that Vertol refused to make the blade parts available so that they could be produced by Read. The court made no ruling upon the plaintiffs' motion under Rule 37(b) (2) (ii) but entered, sua sponte under Rule 37(b) (2) (iii) a default judgment against Read on all questions of liability. The default judgment was certified for an interlocutory appeal and the appeal was permitted by this Court as is authorized by 28 U.S.C.A. § 1292(b). Read moved to have the default vacated or modified. From the bench the district court ordered:

> "We will let the order stand as it is with the understanding that if the Court of Appeals affirms the ruling of this Court that the sanction under 37 was properly posed [sic], then this Court will allow counsel through its insured or otherwise, to produce the blade, then the Court will vacate its order of default. That is on the record, so that will protect everybody."

■■ The first assignment of error made by Read is that the court erred in making the dismissal of Vertol from Case No. 9376 dependent upon the disclosure of its insurers' identity. It would seem elementary that if the court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order entered granting its motion to dismiss. In the absence of jurisdiction over the person of a defendant in an action in personam, the orders and judgments of the court are void. Robertson v. Railway Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119; Earle v. McVeigh, 91 U.S. 503, 23 L.Ed. 398; Nations v. Johnson, 65 U.S. (24 How.) 195, 16 L.Ed. 628; Webster v. Reid, 52 U.S.

(11 How.) 437, 13 L.Ed. 761; Walden's Lessee v. Craig's Heirs, 39 U.S. (14 Pet.) 147, 10 L.Ed. 393; Hicklin v. Edwards, 8th Cir., 1955, 226 F.2d 410; Boykin v. Hope Production Co., W. D. La.1931, 58 F.2d 1041.

■ There seems to be no doubt but that it was improper for the district court to exact from Vertol the identity of its insurer as a condition to the entry of an order granting its motion to dismiss for want of jurisdiction. The refusal to disclose would not confer a jurisdiction that did not otherwise exist. The making of the disclosure would not divest the court of a jurisdiction that had attached. The district court has recited the view of the Supreme Court of Louisiana that, as a matter of ethics, counsel should disclose the names of insurers for named parties in order to enforce some policy of requiring insurance companies doing business in Louisiana to subject themselves to Louisiana laws and the jurisdiction of Louisiana courts. We are not aware of any rule of federal procedure that makes jurisdiction over a party dependent upon the compliance by it or its counsel of the views of the Louisiana courts as to the duties of counsel for insurance companies. The Supreme Court of Louisiana has recognized and applied, as a principle of law, the rule that without jurisdiction a court is without power. Patton v. Patton, 229 La. 335, 86 So.2d 57. In the case before us, however, we are considering, on an interlocutory appeal, the validity of the default judgment as to liability entered against Read. However, the errors in the court's refusal to grant the motion to dismiss and in its order that Vertol disclose its insurer, are not before us on this appeal. It might be interesting to speculate as to whether Vertol breached any duty which it owed to its insurer by the dis-

---

1. "(2) If any party * * * refuses * * * to produce any document or other thing for inspection * * * the court may make such orders in regard to the refusal as are just, and among others the following:
 * * * * *

"(ii) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents or things or items of testimony, or from introducing evidence of physical or mental condition."

closure of identity which would relieve the insurer of policy liability. The matter is not embraced within the scope of our review.

■ There must be a reversal of the default judgment as to liability which the district court entered against Read. The trial court was of the opinion that the insurer's failure to produce was not justified or excused by the refusal of the insured to release the demanded article for inspection. We think this conclusion is erroneous. The penalties permitted by Rule 37 are not to be imposed for the failure to comply with a production order in the absence of an ability to produce. O'Toole v. William J. Meyer Company, 5th Cir., 1957, 243 F.2d 765. If a party's failure to produce is shown to be due to inability fostered neither by its own conduct nor by circumstances within its control, it is exempt from the penal sanctions of the rule. Societe Internationale, etc v. Rogers, Attorney General, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255; New Amsterdam Casualty Co. v. Harrington, 5th Cir., 1960, 274 F.2d 323; 4 Moore's Federal Practice 2804, Par. 37.03. Rule 37 is not a legal requirement of the impossible. The relationship of insurer and insured is not such as to create an absolute duty of the former to produce an article in the possession and control of the latter which it refuses to make available for production. It has been said that, under the Louisiana Direct Action Statute, the insurer stands in the shoes of the insured to the extent of its policy limits. American Indemnity Co. v. Solomon, 5th Cir., 1956, 231 F.2d 853. But wherever the feet of the insurer may be, its hands do not hold articles which are in the possession and under the control of the insured.

The statute is characterized as creating a cause of action against the insurer separate and distinct from any claim which might have been asserted against the insured tortfeasor. The insurer is the real party in interest. The insured was not before the court directly or indirectly. It had been dismissed from Case No. 9376 for want of jurisdiction over it. No jurisdiction over it was ac-

quired by the suit against the insurer. We do not consider whether, under a cooperation clause of the insurance contract, there may be a duty of the insured to make the blade part available. If there be such a duty it is owed to the insurer and not to the plaintiff. See 1 Richards on Insurance, 5th Ed. 630 et seq. § 172.

The district court, regarding the duty of Read to produce as an absolute duty, did not consider the question as to whether Read had made a reasonable effort to comply with the order and had been unable to do so. The question should be decided on this basis. In order that it may be so decided, the default judgment is reversed and the cause is remanded.

Reversed and remanded.