LANDRY, Judge.
This is a tort action in which plaintiffs, Charles V. Gouner and his wife, Frances Gouner, seek damages for personal injuries sustained by Mrs. Gouner and medical expense incurred in the treatment thereof as the result of an automobile accident which occurred November 10, 1962, due to the admitted negligence of defendant, Thomas L. Wulff, insured of defendant, Liberty Mutual Insurance Company. The trial court rendered judgment in favor of Mrs. Gouner, against defendants in solido, in the sum of $7,500.00 for “whiplash” and “low back injuries” and in favor of Mr. Gouner, against defendants in solido, in the sum of $1,307.45. From this adverse •determination defendants have appealed. Plaintiffs have neither appealed nor answered defendants’ appeals.
At the time of the accident in question the vehicle being driven by Mrs. Gouner was stopped behind that of another motorist awaiting an opportunity to make a left turn. An automobile driven by one William Dawson stopped behind Mrs. Gouner. Dawson’s vehicle was struck from the rear by a car being driven by defendant Wulff. The Dawson automobile was propelled into the rear of plaintiff’s vehicle causing the hereinafter described injuries to plaintiff.
Liability being conceded in the instant ■case, learned counsel for appellants contends the trial court erred in the following respects :
(1) Entering judgment against defendant Wulff, notwithstanding a lack of service of process upon said defendant and said appellant’s failure to make any appearance herein;
(2) Rendering judgment in favor of Mrs. Gouner in an excessive amount; and
(3) Granting judgment in favor of plaintiff Charles V. Gouner for certain medical expense allegedly having no connection with the injuries sustained by Mrs. Gouner in the accident in question.
We have carefully and painstakingly searched the record before us and fail to find any evidence therein of service of process upon defendant Wulff or said party’s appearance herein in any manner whatsoever. Under such circumstances, the judgment against said defendant must be reversed and set aside.
It is settled law that no valid judgment may be rendered against a party who has neither been served with process nor made appearance in a matter instituted against him. Patton v. Patton, 229 La. 335, 86 So.2d 57; Weldon et al. v. Gandy, La.App., 195 So. 655.
Immediately following the accident Mrs. Gouner was taken to the hospital where she was attended by Dr. William E. Smith, Orthopedist. Physical and X-ray examination conducted by Dr. Smith revealed plaintiff to be suffering from severe cervical and moderately severe lumbosacral sprain. Plaintiff remained in the hospital from the date of the accident, November 10, 1962, until December 3, 1962, during which entire time she was in cervical traction and was administered sedation for severe neck and back pain. During her hospitalization plaintiff endured swelling in the cervical area at first thought to have been a drug reaction but subsequently attributed by Dr. Smith to the neck sprain. According to Dr. *831 Smith, plaintiff responded well to the treatment prescribed and was discharged December 3, 1962, in a cervical brace and with instructions to use a lumbosacral support which plaintiff had obtained for a prior low back injury. Upon leaving the hospital, plaintiff remained under the care and treatment of Dr. Smith as an outpatient of the clinic with which Dr. Smith was connected. The treatment administered consisted primarily of heat therapy and the prescription of pain relieving drugs. From December 3, 1962, until her ultimate discharge May 10, 1963, plaintiff visited Dr. Smith’s office a total of 17 times on some of which occasions she was not seen by Dr. Smith but merely administered heat treatments by a trained attendant.
Dr. Smith testified plaintiff was a former patient whom he had first seen in October, 1960, for thoracic injury sustained while plaintiff, a stenographer, was lifting a typewriter. In June, 1961, plaintiff consulted him for lumbosacral sprain. Plaintiff again consulted him October 1, 1962, for recurring lumbosacral sprain resulting from a fall and also on October 15, 1962, for contusions of her right hand and hip occasioned by another fall. In a report dated December 19, 1962, Dr. Smith stated he anticipated plaintiff would sustain no permanent disability as a result of the accident in question and expected that she would recover fully within three to six months of the date of her injuries. He conceded, however, she might exhibit symptoms (pain) for as long as one year following the accident. In February, 1963, plaintiff complained of vertigo and fainting spells whereupon she was referred to Dr. J. E. Toups whose specialty is internal medicine. After examining plaintiff, Dr. Toups concluded plaintiff’s complaints of vertigo and fainting were the result of emotional instability and informed Dr. Smith to that effect. Dr. Smith further stated that plaintiff’s complaints of neck pain steadily declined but her continued complaint of low back pain prompted him to send her to Oschner Clinic, New Orleans, Louisiana, in early March, 1963, for evaluation of these symptoms. Reports by Oschner Clinic showing the result of examinations made upon plaintiff are negative and fail to account for plaintiff’s persistent complaints of pain in the lumbosacral area. Dr. Smith last saw plaintiff on May 10, 1963, on which occasion she had no bodily complaints. His examination of plaintiff’s neck and back at the time of plaintiff’s last visit revealed these portions of plaintiff’s anatomy to be within completely normal limits. Dr. Smith expressed the opinion plaintiff’s dizziness and fainting spells are unattributable to the accident.
According to Dr. Smtih, he considered plaintiff’s vertigo attributable to emotional distress and advised that she seek psychiatric aid.
Plaintiff testified she suffered extreme pain during her hospitalization and for some time thereafter. Upon leaving the hospital she continued her cervical brace as her condition required and wore the lumbo-sacral support continuously for some time. She further stated that use of the cervical brace caused extreme pain and discomfort to her jaws and teeth. While in the hospital the swelling in her neck region aggravated her pain and increased the degree of her discomfort for a period of approximately one week. At the trial of the case on April 29, 1964, she testified she still experienced some pain to her cervical region upon reaching and extreme physical exertion. She still complained of vertigo and fainting spells which occasioned several falls since the accident. Plaintiff further testified that upon returning to work she experienced neck and back pains which incapacitated her with such frequency and regularity as to eventually result in her discharge. She conceded, however, at the time of trial she was regularly employed but maintained she occasionally experienced pain while at work as well as extreme fatigue and pain of greater intensity at the end of the day.
In urging our diminution of the award of damages made plaintiff by the trial court *832 learned counsel for appellants contends our esteemed brother below erred in relying upon Cassreino v. Brown, La.App., 144 So.2d 608, wherein our able colleague, Judge Tate, categorized “whiplash” cases into three groups. On this premise counsel for appellants argues the trial court considered plaintiff’s injuries fell into the first group characterized as those producing permanent disability or severe pain for prolonged periods warranting awards in excess of $5,000.-00. Learned counsel for appellants points out that insofar as the Cassreino case, supra, categorized whiplash injuries it has been since overruled by the Supreme Court in the recent decision of Winfree v. Consolidated Underwriters, 246 La. 981, 169 So.2d 71. While esteemed counsel for appellants is correct in this latter contention, we find he is in error in maintaining the trial court relied upon the Cassreino case, supra, in fixing the award to Mrs. Gouner for the injuries received.
Our consideration of the record reveals that while our able brother below did make reference to the Cassreino case, supra, he did not in fact rely thereon as argued by counsel for appellants. Rather we note that in assessing plaintiff’s award at the sum of $7,500.00, the learned trial court analogized plaintiff’s injuries to those sustained by the plaintiff in Self v. Johnson, La.App., 124 So.2d 324 where, for similar but admittedly more serious injuries, plaintiff was awarded damages in the sum of $9,237.50.
We are mindful of the limitations placed upon appellate courts with respect to reduction of awards by trial courts in personal injury cases as set forth in the recent pronouncement of the Supreme Court in Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64, in elucidation of the holding in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149.
After reviewing all the facts and circumstances in the instant case, we are impelled to the conclusion our learned brother below erred in that he exceeded in the instant case the “much discretion” allowed a trial court in the assessment of damages for personal injuries. In awarding the sum of $7,500.00 to Mrs. Gouner, our able colleague erroneously considered plaintiff’s injuries comparable to those involved in Self v. Johnson, supra. Our perusal of Self v. Johnson reveals plaintiff therein was injured far more seriously than was plaintiff at bar inasmuch as in the cited case plaintiff sustained permanent injuries in the nature of a disfigurement.
In the case at bar we are confronted with a plaintiff whose injury, though temporarily severe and caused considerable pain for a matter of some weeks following the accident, nevertheless was found by competent medical authority to have almost completely subsided within six months of the date of the accident. While it must be conceded plaintiff still complains of some pain, the testimony of Dr. Smith indicates that little, if any, of plaintiff’s present conplaints may be attributed to the accident. In this regard it is worthy to note that Dr. Smith’s testimony clearly implies plaintiff’s present condition is due to emotional problems and incidents arising subsequent to the accident of November 10, 1962, and is unrelated to the accident in question.
Considering amounts awarded in instances of similar injuries only for the purpose of determining whether our esteemed brother below has exceeded the discretion vested in him, we conclude the amount awarded herein to plaintiff, Frances Gouner, is excessive by the sum of $2,500.-00 and must be reduced to $5,000.00.
Learned counsel for appellants lastly maintains the trial court erred in awarding medical expense to plaintiff, Charles V. Gouner, in the aggregate of $127.00 consisting of $67.00 for Dr. J. E. Toups, $20.00 for Dr. Henry R. Olivier, and $40.00 for Dr. Alfred A. Olinde. The record indicates the charge of Dr. Olivier was required by plaintiff’s reaction to a tranquilizer prescribed for causes unrelated to the accident in question. Such being the case, defendant is not responsible for this item.
*833 The charge of Dr. Toups in the sum of $67.00 was incurred when Dr. Smith referred plaintiff to Dr. Toups because of plaintiff’s complaints of vertigo and fainting. Dr. Smith’s testimony is clearly to the effect he did not consider these particular symptoms resulted from the accident. Under these circumstances, plaintiff husband may not recover this expense from defendant herein.
Dr. Olinde, a psychiatrist, saw plaintiff on March 4 and 5, 1963, while plaintiff was a patient at Oschner Clinic, New Orleans. Dr. Olinde did not testify at the trial and neither does his deposition appear of record. However, Dr. Smith’s testimony clearly establishes that he, Dr. Smith, did not consider Mrs. Gouner’s emotional disturbance was in any way caused or aggravated by the accident in question although he did, upon discharging her in May, 1963, suggest that she seek psychiatric help. Having failed to connect this item with the accident in question, plaintiff may not recover the sum of $40.00 charged by Dr. Olinde.
For the reasons hereinabove set forth, it is hereby ordered, adjudged and decreed that the judgment of the trial court in favor of plaintiffs, Charles V. Gouner and Frances Gouner, against defendant, Thomas L. Wulff, be and the same is hereby annulled, reversed and set aside.
It is further ordered, adjudged and decreed that the judgment rendered below in favor of appellee, Frances Gouner, against appellant, Liberty Mutual Insurance Company, be and the same is hereby amended in that it is reduced to the sum of $5,000.00 and judgment rendered in favor of said appellee and against said defendant in said sum of $5,000.00 with legal interest from date of judicial demand, until paid.
It is further ordered, adjudged and decreed that the judgment rendered herein by the trial court in favor of appellee, Charles V. Gouner, and against appellant, Liberty Mutual Insurance Company, be and the same is hereby amended in that it is reduced to the sum of $1,180.45 and judgment rendered herein in favor of said ap-pellee and against said appellant in said sum of $1,180.45, together with legal interest from date of judicial demand, until paid, all costs to be paid by appellant, Liberty Mutual Insurance Company.
Amended and rendered.