**William RABIOLO, Plaintiff-Appellant,**

v.

**Myron WEINSTEIN, Richard Jordan, Ronald Pontius and Bernard Smith, Defendants-Appellees.**

**No. 15263.**

United States Court of Appeals
Seventh Circuit.

Feb. 23, 1966.

Eugene T. Devitt, Chicago, Ill., for appellant.

John W. Douglas, Asst. Atty. Gen., Civil Division, Dept. of Justice, Washington, D. C., Edward V. Hanrahan, U. S. Atty., Chicago, Ill., Alan S. Rosenthal, Martin Jacobs, Attys., Dept. of Justice, Washington, D. C., for appellees.

Before HASTINGS, Chief Judge, and KILEY and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

Plaintiff by this action sought to recover damages from defendants, special agents of the United States Secret Service, for allegedly invading his rights under the Fourth and Fifth Amendments to the United States Constitution. In summary, his complaint alleged that on March 2, 1959, an indictment was returned in the Northern District of Illinois, charging him with "passing, uttering and selling certain counterfeit obligations of the United States." Pursuant to that indictment, the four defendants arrested plaintiff and, incident thereto, conducted a search of his home. During the search certain personal property, including "counterfeit notes," was seized.

On April 24, 1959, a second indictment was returned in the same District, charging plaintiff with possession of counterfeit obligations of the United States. At the trial on this indictment, the evidence obtained by the Secret Service agents during their search following the first indictment was used against him. Plaintiff was convicted on this charge and sentenced to imprisonment for two years.

The complaint further alleged that the defendants "conspired with each other to act beyond the scope of their authority as Secret Service Agents" and agreed to abridge plaintiff's constitutional rights. This was accomplished, as it was alleged, by arresting him pursuant to an indict-

ment which "was returned and used as a pretext by said defendants to search plaintiff's home 'as an incident of his arrest,'" without a search warrant, by seizing certain personal property and by unreasonably delaying in taking him before a committing officer.

Defendants by the United States Attorney moved to dismiss the complaint because (1) the Court lacked jurisdiction over their persons, (2) the Court lacked jurisdiction over the subject matter, and (3) the complaint failed to state a claim upon which relief could be granted.

On June 3, 1965, the Court entered an order dismissing the complaint, from which plaintiff appeals. The order recited, "Defendants' motion to dismiss the complaint for lack of jurisdiction is denied. * * * Defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted is granted, and the instant complaint is accordingly dismissed. * * *"

The first contention advanced by defendants in support of an affirmance of the Court's order of dismissal is that the Court acquired no jurisdiction over the persons of defendants. The Court made no ruling on this point and it is apparent that when it denied dismissal for lack of jurisdiction it referred to the subject matter. Notwithstanding this rather awkward situation, we think, on the record as presented, that the order of dismissal must be affirmed because of the lack of personal jurisdiction.

■■ Plaintiff did not have process served upon defendants either personally (Rule 4, Federal Rules of Civil Procedure) or by certified mail (28 U.S.C.A. Sec. 1391(a)). He attempted the service of process by leaving copies of the summons and complaint with an employe of the United States Attorney and by forwarding copies of the same to the Attorney General. The Deputy United States Marshal made the following notation on the reverse side of the summons, "No individuals served." We need not dwell on this phase of the situation for the reason that plaintiff in effect concedes in his reply brief that no legal service was had. He attempts to excuse his failure in this respect on the basis that he had no knowledge of their whereabouts, and offered to serve them by certified mail if the government would give him that information. We know of no legal obligation on the part of the government to comply with plaintiff's request in this respect. In any event, the suggestion furnishes no excuse for the failure to obtain personal jurisdiction of defendants in the manner required by law.

In Mecartney v. Hoover, 7 Cir., 151 F. 2d 694, this Court under circumstances quite similar to those here affirmed an order setting aside the service on the defendants for the reason that it was not in compliance with the Federal rules. Plaintiff seeks to distinguish that case on the basis that the Court was without venue while in the instant case it has venue by reason of 28 U.S.C.A. Sec. 1391 (e). Even so, the presence of venue does not dispense with the necessity for service in order to acquire personal jurisdiction.

Apropos to the point is Read v. Ulmer et al., 308 F.2d 915, 917, wherein the Court stated:

"It would seem elementary that if the court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order entered granting its motion to dismiss. In the absence of jurisdiction over the person of a defendant in an action in personam, the orders and judgments of the court are void. [Citing cases.]"

See also Hicklin v. Edwards, 226 F.2d 410, 413, and Bond v. Golden, 273 F.2d 265, 269.

In view of the fact that the Court acquired no jurisdiction over the persons of the defendants, the complaint should have been dismissed for that reason. Such being our conclusion, there is no reason for us to consider the case on its merits.

The order appealed from is

Affirmed.