SWIFT, Judge.
On November 28, 1960, the Thirteenth Judicial District Court for the Parish of Evangeline granted Lionel J. Peschier a judgment of divorce against his first wife, Leota Davis Peschier. Leota Peschier instituted this suit on May 17, 1977, against Marjorie Peschier, the deceased Mr. Peschier’s executrix, asking that court to declare *1241 the 1960 divorce judgment null and void. Judgment was rendered in favor of the plaintiff, decreeing the 1960 divorce proceeding null and void for lack of venue and jurisdiction and also because the divorce was obtained through fraud and ill practices on the part of Lionel Peschier.
On March 2, 1938, Lionel Peschier and Leota Davis were married and established their domicile in Lafayette Parish. Their first child, Louise Peschier Sims, was born on October 12, 1938. Around 1940 Lionel Peschier and his family moved to and became domiciled in Rapides Parish. On January 9,1952, a second child, Candace Maria Peschier, was born of the marriage.
Leota Peschier filed suit in the Ninth Judicial District Court, Rapides Parish, Louisiana, against Lionel Peschier for a separation from bed and board and obtained a judgment in her favor on October 14, 1955. On that same day the parties entered into an agreement partitioning the community of acquets and gains. On September 28, 1957, Leota Peschier signed a supplemental community property agreement which recited that the parties were still living separate and apart from each other.
Lionel Peschier filed the aforementioned divorce suit on October 5, 1960, on the ground that he and his wife had been living separate and apart for more than two years. The petition set forth that Mr. Pes-chier had been a resident of Evangeline Parish for two and a half years, that reconciliation had not taken place since the 1955 separation and that his wife was an absentee believed to be residing in Amarillo, Texas. This petition was verified by Mr. Pes-chier on September 30, 1960. Upon the allegation that his wife was an absentee, the court appointed a curator ad hoc to represent Leota Peschier. The curator sent her a certified letter to Amarillo, Texas, but it was returned unclaimed. On November 28, 1960, the trial court rendered judgment in favor of Lionel Peschier granting him a divorce.
On January 11, 1961, Lionel Peschier contracted a second marriage to Marjorie Ay-lene Null in Angelina County, Texas. They lived together thereafter at Peschier’s home in Lake Charles and the defendant, Marjorie Peschier, has continued to reside in that city. No children were born of this marriage.
Leota Peschier filed another suit against Mr. Peschier on October 15, 1976, for separation from bed and board in the Ninth Judicial District Court for Rapides Parish. On December 13, 1976, Mr. Peschier died in an automobile accident in Evangeline Parish and Marjorie Peschier was appointed testamentary executrix of his estate.
As mentioned, this suit for nullity of the 1960 divorce judgment was filed by Leota Peschier on May 17, 1977. The testimony of witnesses and the exhibits offered at the trial established that Mr. Peschier was engaged in the business of coin-operated machines, such as music boxes and so forth, and he owned interests in nightclubs and lounges. His business activities were conducted in several parishes, including Rap-ides, Evangeline and Calcasieu, requiring him to travel and spend various periods of time in each of these parishes.
Among others, the trial court made the following findings from the evidence adduced at trial: 1) Lionel Peschier was not a domiciliary[1] of Evangeline Parish at either the time he verified or filed his divorce petition in that parish; 2) Leota Peschier was not an absentee from this state from September 1 to December 31, 1960, but instead was a resident of and domiciled in Rapides Parish during all of that time; 3) Evangeline Parish was not the parish of proper venue for the 1960 divorce suit and therefore the court lacked jurisdiction thereof; and 4) Lionel Peschier deliberately misled his counsel and deliberately practiced a fraud upon the court as he knew that his wife was residing in Rapides Parish and not Amarillo, Texas, when the suit was filed. Therefore, judgment was rendered in *1242 plaintiff’s favor declaring the 1960 divorce judgment a nullity.
The trial judge’s findings and conclusions, that the 1960 divorce judgment was a nullity because neither party was domiciled nor was their last matrimonial domicile in Evangeline Parish and also that the judgment was obtained through fraud or ill practices on the part of Lionel Peschier, are supported by the record. However, we prefer to rest our affirmation of the decision on the ground that the judgment was defective for a vice of form, the lack of a valid citation and service of process.
LSA-C.C.P. Article 2002. deals with annulment of judgments for vices of form and provides in part as follows:
“A final judgment shall be annulled if it is rendered:
$ ‡ ‡ * *
“(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken;
* * * * * *
“Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.”
Article 2003 provides:
“A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.”
In Dickey v. Pollock, 183 So. 48 (La.App. 2 Cir. 1938), the court nullified a judgment on this ground, saying:
“It is the law of this state that a judgment based on a citation to a curator ad hoc appointed under allegations that the defendant is a non-resident must be annulled when in fact such defendant is a resident of Louisiana. Ventress v. Akin et al., La.App., 177 So. 117.”
The plaintiff, of course, bears the burden of proof and in a case such as this where the suit to annul was instituted after the death of the party obtaining the divorce and long after it was granted such proof must be “exceptionally strong and convincing.” Patton v. Patton, 229 La. 335, 86 So.2d 57 (La.1956). In that case the attack was denied for plaintiff’s failure to bear the burden of proof. However, our supreme court said:
“Citation is undoubtedly the essential ground of all civil actions, and proceedings had without it are absolutely null unless the defendant has voluntarily appeared and answered the demand. Arts. 206, 606(4), La.Code Practice; Wilson v. King, 227 La. 546, 79 So.2d 877. Thus, this court has held that a wife not an absentee cannot be cited in divorce proceedings through a curator ad hoc, and a judgment rendered contradictorily with a curator under such circumstances is void. Elmore v. Johnson, 121 La. 277, 46 So. 310; see Spence v. Spence, 158 La. 961, 105 So. 28.”
We are convinced from our review of the record that Leota Peschier established “by exceptionally strong and convincing proof” that she resided and was domiciled at No. 6 Baywood Drive in Pineville, Rapides Parish, Louisiana, and was not an absentee from this state during the time that the 1960 divorce suit was before the district court in Evangeline Parish. While she may have visited her sister in Pasadena, Texas, during the latter part of 1960, her whereabouts on such brief visit or visits were known or easily ascertainable by her husband.
It is clear that Leota Peschier resided at the No. 6 Baywood address with her children and grandson, Duke Clayton, before, during and after the period the divorce action was filed and pending. It is also clear that Lionel Peschier occupied the house with them on many occasions before and after the 1960 decree. Leota Peschier testified that she and her husband resided at the Pineville house from September to December, 1960, and that she did not live in Pasadena, Texas, during this time. Leota *1243 stated the only time that she lived in Texas was in the latter part of 1955 after she and Lionel separated, although she made many trips to Texas to visit her sister from 1955 to 1960. She had never been to Amarillo.
Candace Peschier testified that her mother and father resided at the No. 6 Baywood home in the years 1958 to 1960, and that Leota did not move to Texas during September to December, 1960. She did not recall her mother ever being absent from No. 6 Baywood for more than a week from October to December 1960. Candace’s school records show she was enrolled in Paradise School in Rapides Parish in the fall of 1960.
The other daughter, Louise Peschier, stated Leota and the family were living at No. 6 Baywood in Pineville during 1960 and the only time her mother lived in Pasadena, Texas, was for approximately one year after her separation in 1955.
Leota Peschier’s niece, Donna Delahous-saye, testified that she visited Leota during the summer months of 1959 and 1960 and also during the beginning of the 1960 school year. During this time Leota and Lionel as well were at the Pineville home. The school records of this witness establish she was enrolled at Tioga High School in Alexandria during September, 1960. Donna also stated that she visited the Peschiers at Christmas in 1960 and that both Leota and Lionel were there. The deposition of Donna’s father contradicts his daughter’s testimony as to her whereabouts during the summer of 1959 and 1960. However, it does not seem that the trial judge was impressed with his testimony, nor are we.
Donna Delahoussaye’s mother testified that they stayed with the Peschiers in September or October, 1960, due to a separation from her husband. She stated that Lionel was there at various times during this period. She also said that Leota never stayed over a week in Pasadena on any visit in the latter part of 1960.
In addition to the plaintiff, her children and relatives, several neighbors testified that Leota definitely resided at the Pine-ville address from 1958 to 1960 and that they also saw Lionel there occasionally. These neighbors had no knowledge of Leota leaving the Pineville home in 1960. Further, a good friend of Leota testified that she saw and spoke to the latter nearly every school day in 1959 and during September to December of 1960 while they waited to pick up their children at the Rapides Parish school which they were attending. She also stated that she visited Leota during this time at her No. 6 Baywood home at least once every week or two in 1960.
The testimony of the Peschiers’ garbage collector revealed that he collected the garbage at the No. 6 Baywood address during 1958 through 1960 and that the Peschiers did not vacate the house at any time for longer than a three week period. He was positive that he saw Leota and occasionally Lionel at that address in 1960.
An insurance agent testified that he sold insurance to the Peschiers in 1960. He stated that he saw Leota at that address in the years 1960 to 1962.
The proof that Leota Peschier was not an absentee at any time in 1960 is overwhelming. Thus, she was not served with process in the divorce suit as required by law. She made no general appearance and no judgment by default was taken therein. The record contains no indication that Leota Peschier voluntarily acquiesced in the judgment which was rendered or that she was present in the parish when any attempt was made to execute or enforce same. We therefore conclude that such judgment is absolutely null as having been rendered in violation of LSA-C.C.P. Article 2002.
For the foregoing reasons the judgment of the district court is affirmed at costs of defendant-appellant.
AFFIRMED.
DOMENGEAUX, J., dissents and assigns reasons.

. The trial court used the word “resident”, but he obviously meant “domiciliary” as the finding concerned the court’s lack of venue.