**INNOMED TECHNOLOGIES, INC., Plaintiff,**

v.

**WORLDWIDE MEDICAL TECHNOLOGIES, INC.; Sunburst Consulting, L.L.C.; S. Roger Strickland, Jr.; Eldon Mixon; and Cathy Mixon; Defendants.**

**No. 603CV68ORL28JGG.**

United States District Court,
M.D. Florida,
Orlando Division.

March 14, 2003.

---

Terry C. Young, Morey Raiskin, Lowndes, Drosdick, Doster, Kantor& Reed, Orlando, FL, Stephen D. Milbrath, Brian R. Gilchrist, Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A., Orlando, FL, Steven E. Lipman, Robert C. Nissen, Michael E. McCabe, Jr., Oblon, Spivak, McClelland, Maier & Neustadt, P.C., Alexandria, VA, for plaintiff.

Jeremy E. Slusher, Broad & Cassel, West Palm Beach, FL, for Worldwide Medical Technologies, Inc. Sunburst Consulting, L.L.C., defendants.

Jeremy E. Slusher, Ronald M. Gache, Broad & Cassel, West Palm Beach, FL, for S. Roger Strickland, Jr., defendant.

J. Wayne Crosby, J. Wayne Crosby P.A., Orlando, FL, for Eldon Mixon, defendant.

Elizabeth C. Wheeler, Elizabeth C. Wheeler, P.A., Orlando, FL, for Cathy Mixon, defendant.

Scott Konopka, Page, Mrachek, Fitzgerald & Rose, P.A., Stuart, FL, for JSL Consulting, Inc., movant.

### *ORDER*

GLAZEBROOK, United States Magistrate Judge.

This cause came on for consideration without oral argument on the following emergency motion filed on March 14, 2003 at 9:10 a.m., and on the memorandum in opposition served by facsimile on March 14, 2003 at 4:40 p.m.:

**MOTION: EMERGENCY MOTION AND MEMORANDUM OF PLAINTIFF INNOMED TECHNOLOGIES, INC. FOR AN EXPEDITED PRELIMINARY INJUNCTION DISCOVERY SCHEDULE [Docket No. 116] FILED: March 14, 2003**

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Plaintiff Innomed Technologies, Inc. has filed an emergency motion asking this Court to compel expedited discovery from S. Roger Strickland, Jr., Sunburst Consulting L.L.C., and Worldwide Medical Technologies, Inc. Docket No. 116. Innomed seeks no jurisdictional discovery relating to minimum contacts, but rather seeks discovery as to the substance and merits of Innomed's motion for a preliminary injunction. Docket No. 116.

On February 6, 2003, this Court determined that it had no personal jurisdiction over Strickland, Sunburst, and Worldwide after a full hearing [Docket Nos. 43, 45], and dismissed all of Innomed's claims against those defendants without prejudice. Docket No. 46. This Court then denied Innomed's then-pending motion for expedited discovery as to Strickland, Sunburst, and Worldwide after conducting a hearing. Docket Nos. 52, 53, 69, 115 at 43—44 (transcript). Innomed now renews its motion for expedited discovery, and again seeks to compel immediate and significant discovery from non-parties over whom this Court has determined that it has no personal jurisdiction.

█ Innomed argues that a different result is now required because of the filing of the First Amended Verified Complaint adding new allegations about minimum contacts, and related returns of process [Docket No. 50, 57—59]; the filing of the motion to dismiss the First Amended Verified Complaint for lack of *in personam* jurisdiction [Docket No. 76]; and Judge Antoon's announcement that—if he concludes that the Court has personal jurisdiction over Strickland, Sunburst, and Worldwide—he will then hold an additional hearing on Innomed's motion for a preliminary injunction on March 25, 2003 [Docket No. 110 at 2]. Innomed is mistaken, and the result stands.

█ A court without personal jurisdiction is powerless to take further action.

*Posner v. Essex Insurance Co., Ltd.,* 178 F.3d 1209, 1214 n. 6 (11th Cir.1999); *accord, Read v. Ulmer,* 308 F.2d 915, 917 (5th Cir.1962). As a general rule, courts address issues relating to personal jurisdiction before reaching the merits of plaintiff's claims. *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935, 941 (11th Cir.1997), *citing, Madara v. Hall,* 916 F.2d 1510, 1513—14 n. 1 (11th Cir.1990). As a preliminary matter, courts normally determine whether they have the power to bind a defendant with a ruling on the merits because a defendant not subject to the court's jurisdiction cannot be bound by its rulings. *Republic of Panama,* 119 F.3d at 941. The district court concluded that it had no personal jurisdiction over Strickland, Sunburst, and Worldwide, and it has not yet entered any order to the contrary. Indeed, the matter remains under advisement. It is therefore

**ORDERED** that Innomed's Emergency Motion for an Expedited Preliminary Injunction Discovery Schedule [Docket No. 116] filed March 14, 2003 at 9:10 a.m. is DENIED without prejudice to seek such relief after the district court has ruled on the motion to dismiss.