**In re Michael Bryce HAUGHEE, Debtor.**

**Mary Ann Tully, Plaintiff,**

**v.**

**Michael Bryce Haughee, Defendant.**

**Bankruptcy No. 05–68688 JPK.**
**Adversary No. 06–6079.**

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

March 5, 2010.

William M. Jonelis, Esq., Munster, IN, for plaintiff, Mary Ann Tully.

Michael Bryce Haughee, pro se.

*ORDER ON DEFENDANT'S VERIFIED AMENDED MOTION TO SET ASIDE ORDER OF DEFAULT ("AMENDED MOTION")*

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

This adversary proceeding was initiated by the plaintiff Mary Ann Tully ("Tully") against the defendant Michael Bryce Haughee ("Haughee") by a complaint filed on March 15, 2006. Because there was no evidence in the record of service of summons and complaint, an order was entered on March 16, 2006 which directed the correction of this deficiency. On April 3, 2006, a second amended complaint was filed by the Tully's initial counsel. Following attempts to remedy certain procedural deficiencies, on December 28, 2007, an entry of default was made with respect to Haughee, and on February 28, 2008 a default judgment was entered against the defendant. Haughee filed his initial motion to vacate that judgment on January 20, 2009, to which the court responded with an order noting certain procedural insufficiencies with respect to that motion. On February 18, 2009, Haughee filed the Amended Motion together with a memorandum of law. Following the resolution of matters relating to discovery requests submitted to Haughee by Tully, a hearing regarding the motion was held on September 17, 2009, at which Haughee personally appeared on his own behalf and Attorney William M. Jonelis appeared on behalf of Tully.

The Amended Motion is now before the court for determination. The court determines that the Amended Motion should be granted.

This adversary proceeding presents an extensive record of Tully's attempts to serve process upon Haughee. The focus of the amended motion and of Tully's responses to it has been whether or not Haughee received actual notice of the action in a manner which allowed him to adequately defend against it. Having now reviewed the record in detail, the court determines that there is a more basic issue with respect to service of process upon Haughee, i.e., actual service of a summons upon the defendant in any manner at any time.

We begin briefly with a comment on the scope and meaning of Fed.R.Bankr.P. 7004(b)(9), which states the following with respect to the mechanism for service of process in an adversary proceeding upon an individual or entity which is a debtor in a bankruptcy case to which the adversary proceeding relates: [1]

> (9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing.

The Rule seems to be self-explanatory in its direction that service of process be made upon the debtor "at the address shown in the petition or to such other address as the debtor may designate in a

---

**1.** Michael Bryce Haughee is the debtor in Chapter 7 case number 05–68688 in the United States Bankruptcy Court for the Northern District of Indiana, Hammond Division.

filed writing". The record in this adversary proceeding establishes that throughout the course of proceedings which led to the entry of judgment against Haughee, the address designated by the debtor in case number 05–68688 was P.O. Box 40, Griffith, Indiana 46319, and that in fact documents by which service of process was attempted to be made upon Haughee were mailed to that address. As will be seen, it is also absolutely clear that no document relating to service of process upon Haughee was ever received by him in reference to that designated address.

■ One might seek to construe Fed. R.Bankr.P. 7004(b)(9) as providing that service of process is complete upon mailing of a copy of a summons and complaint to a defendant/debtor at the address provided for by the Rule, regardless of whether the defendant/debtor ever receives the mailing. That construction of the Rule would be such an obvious violation of any concept of both procedural and substantive due process that the court will spend very little time to address the invalidity of any such contention. A basic premise of due process is that notice of substantive matters which affect significant interests of persons or entities must be provided to the individual or entity in order to sustain the validity of any action affecting those interests. There is no question as to whether or not some form of notice must be provided which is actually reasonably calculated to actually provide notice to an individual or entity of matters which substantively affect their interests in litigation, especially with respect to the initiation of litigation against them; *see, Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *see also, Mennonite Board of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). In the context of service of process of summons and a copy of a complaint initiating an adversary proceeding

under Fed.R.Bankr.P. 7001, the mechanisms for service of process stated in Fed. R.Bankr.P. 7004(b) must be viewed in the context that provision of notice of the initiation of a lawsuit is a necessary function of due process, and—with that basic premise understood—may then be viewed as a statement of a manner of provision of that notice reasonably calculated to provide notice to a defendant. The provisions of Rule 7004(b) cannot be viewed as establishing that the mere mailing of a copy of a complaint and a summons, in the manner severally designated by that Rule with respect to each class of defendant, *ipso facto* constitutes service of process upon a defendant in any of the designated classes of that Rule. For example, if one were to choose to serve process upon a domestic corporation by utilizing Fed.R.Bankr.P. 7004(b)(7)'s authorized procedure for service pursuant to "the law of the state in which service is made when an action is brought against such defendant in the court of general jurisdiction of that state"; then chose a state service of process provision which required service by certified mail, return receipt requested; and the mailing was then returned unopened as "unclaimed"—no one could validly contend that service had been effected merely by the mailing. Similarly, in civil litigation in any federal or state court [putting aside the United States Bankruptcy Courts], if a service of process rule were utilized which authorized mailing by first class mail of a copy of a complaint and a summons to an individual defendant at "the individual's dwelling house or usual place of abode", and that mailing was returned by the United States Postal Service to its sender as being undeliverable because, for example, the addressee had moved and left no forwarding address—no one could validly contend that service had been effected by the mere fact of mailing. Obviously, these

principles apply as well to the recommended mechanism for service of process provided by Fed.R.Bankr.P. 7004(b)(9), and just as obviously if it is established that a defendant/debtor did not in fact receive a copy of a summons and complaint mailed to him/her/it by first class mail to the address designated by the defendant/debtor in the petition or subsequently in the case, there would be no effective service of process in that context.

The record in this case discloses the following:

1. Prior to October 10, 2006, no document was filed in adversary proceeding number 06–6079 which established the mailing of a copy of a complaint and a summons to Haughee.

2. An alias summons was issued on October 10, 2006.

3. As evidenced by docket record entry # 14, a certificate of service was filed on October 10, 2006 which stated that service of that summons and a copy of the second amended complaint filed on April 3, 2006 was made by first class mail addressed to Haughee at P.O. Box 40, Griffith, Indiana 46319; however, this certificate of service failed to state the date upon which the mailing was made.

4. An amended certificate of service, filed as docket record entry # 15 on November 21, 2006, stated that a copy of the complaint and the summons issued on October 10, 2006 were sent by first class mail to Haughee at P.O. Box 40, Griffith, Indiana 46319 on October 10, 2006.

5. At the hearing held on September 17, 2009, Haughee testified that he had closed P.O. Box 40, Griffith, Indiana 46319 in the late summer or early fall of 2006. This testimony is corroborated by the following:

a. The court's record in case number 05–68688: docket record entry # 88 establishes that a mailing made on September 21, 2006 to that post office box was returned by the United States Postal Service with the designation "box closed/unable to forward".

b. The Motion for Utilization of Address for Service of Process Different That (sic) is on the Schedules filed by Tully, by counsel, on September 26, 2007, paragraph 1 of which states that a mailing made to the Griffith post office box "was returned 'not deliverable as addressed—unable to forward' ".

6. The subsequent Certificate of Service filed as record entry # 43 on October 1, 2007 states that a copy of "VERIFIED SECOND AMENDED ADVERSARY COMPLAINT" was served upon Haughee by first class mail at various stated addresses; however, this certificate does not state that a summons was mailed to Haughee.

7. The Verified Supplemental Return of Service Report filed as docket record entry # 47 on November 1, 2007 again states that a copy of the Verified Second Amended Adversary Complaint was sent to Haughee by first class mail at various addresses. Again, there is no evidence in the record that a summons was also served upon Haughee at those addresses.

The foregoing constitutes the entire record as to attempted service of process upon Haughee in this adversary proceeding.[2]

---

2. In hindsight, now that the entire record has been reviewed by the court, the court should not have entered default against Haughee on December 28, 2007, and should not have entered the default judgment on February 28, 2008, but rather should have realized by careful review of the record up to that point, that service of a summons upon Haughee had never been effected. The court will take the primary responsibility for this oversight.

Fed.R.Civ.P. 4(c)(1), incorporated into adversary proceedings by Fed.R.Bankr.P. 7004(a)(1), states:

**(c) Service.**

**(1)** *In General. A summons must be served with a copy of the complaint.* The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service. (emphasis supplied)

A summons serves a particularly important role in litigation, establishing as it does that legal action has actually been commenced in a court to which a defendant is called to respond. While in part serving the perhaps antiquated function and concept of formally "bringing" a defendant before a court, the detailed contents of the summons provided for by Fed.R.Bankr.P. 7004(a)(1)/Fed.R.Civ.P. 4(a)(1) serve the necessary function of establishing the official formality of the initiation of litigation, and provide notice of the initiation of litigation. It is for this reason that Rule 4(c)(1) *absolutely requires* that a copy of a summons be served upon a putative defendant.

As the foregoing recitation of the record conclusively establishes, Haughee has never been served with a summons in this adversary proceeding. As explained previously in this decision, the mere mailing of a summons to a defendant/debtor pursuant to Fed.R.Bankr.P. 7004(b)(9) does not constitute effective service of process in a circumstance in which it is established—in this case *conclusively established*—that the mailing was never received by the defendant/debtor. In the Seventh Circuit, service of process "by the letter of the law" is absolutely necessary in order for a court to acquire personal jurisdiction over a defendant, and even though it may be established that a defendant had some form of notice of pending litigation, absent effective initial service of process, a judgment entered against that defendant must be set aside. As stated in *Mid–Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 301 (7th Cir.1991), rehearing & rehearing en banc denied September 13, 1991:

> This court has long recognized that valid service of process is necessary in order to assert personal jurisdiction over a defendant. *Rabiolo v. Weinstein,* 357 F.2d 167 (7th Cir.1966). Moreover, it is well recognized that a "defendant's actual notice of the litigation ... is insufficient to satisfy Rule 4's requirements." *Way v. Mueller Brass Company,* 840 F.2d 303, 306 (5th Cir.1988); *see also Sieg v. Karnes,* 693 F.2d 803, 807 (8th Cir.1982).

A judgment obtained without effective service of process must be set aside when the ineffectiveness of service of process is asserted by a defendant; *Mid–Continent Wood Products, Inc. v. Harris, supra.*

The court determines that Haughee was never effectively served with a summons in this adversary proceeding as required by Fed.R.Bankr.P. 7004(a)(1)/Fed.R.Civ.P. 4(c)(1). As a result, the court lacked personal jurisdiction over the defendant to enter the judgment against the defendant on February 28, 2008.

IT IS ORDERED as follows:

A. Haughee's Amended Motion is granted.

B. The entry of default of December 28, 2007 [docket record entry # 49] is vacated.

---

However, not in its defense, but to note that others made the same error, neither Attorney Jonelis nor Haughee have at any point brought this matter to the court's attention.

C. The judgment entered on February 28, 2008 as record entry # 56 is vacated.[3]

---

3. The result of the court's determination is that the court has no personal jurisdiction over the defendant Haughee at this time, and that thus the court cannot direct the defendant Michael Bryce Haughee to participate in any manner in further proceedings in this adversary proceeding. However, the adversary proceeding remains viable. It is up to the plaintiff and/or the defendant to take whatever action either may deem necessary to further pursue, or to terminate, this adversary proceeding.